321 P.2d 224

SOUTHERN PACIFIC COMPANY,
a corporation,
Appellant,
v.
The CORPORATION COMMISSION of
Arizona, Appellee,
and
Maricopa County, Intervenor-Appellee.
No. 6274.

Supreme Court of Arizona.
Feb. 5, 1958.

Evans, Kitchel & Jenckes, and Earl H. Carroll, Phoenix, for appellant.

Robert Morrison, Atty. Gen., and A. Michael Bernstein, Asst. to Atty. Gen., for appellee.

William P. Mahoney, Jr., County Atty., and John F. Conner, Chief Deputy, County Atty., Lewis, Roca, Scoville & Beauchamp, and John P. Frank, Phoenix, for intervenor-appellee.

WINDES, Justice.

In May, 1953, the appellee, the Corporation Commission of Arizona, pursuant to hearing found that where the Alma School road crossed the tracks of the appellant Southern Pacific Company, there existed a hazardous condition which was dangerous to the health and safety of the public and that it was necessary to install and maintain at the crossing two electrically operated flashing warning signals. The commission also found that these warning signals would benefit the company and Maricopa county in equal proportions and ordered the company to install the same at such time as the county would agree to pay 50 percent of the cost. The county pursuant to the procedure provided by statute contested the validity of this order. The matter came to this court and we held that under the provisions of either section 69–228 or section 69–229, A.C.A.1939 (now A.R.S., sections 40–336 and 40–337) the commission could not legally condition its order for installation upon the payment by the county of one-half the cost and that when a hazardous condition dangerous to the health and safety of the public was found to exist, it was the duty of the commission to require the installation of the proper signalling devices at the sole cost of the company. Maricopa County v. Corporation Commission of Arizona, 79 Ariz. 307, 289 P.2d 183. Subsequent to this court's decision and mandate the trial court on December 1, 1955, set aside the commission's order.

On December 27, 1955, the commission without notice to the company entered an order directing it to install the signalling devices at its sole expense. The company filed a petition requesting revision of the order or in the alternative a rehearing

which petition was denied. This action followed, pursuant to the provisions of section 40-254, A.R.S., seeking to set aside the order of December 27th. In the verified complaint it is alleged that the order of December 27, 1955, was based on a hearing held in May 1953, and that in the interim the physical condition of the crossing and the adjoining property and the manner of operation of the company's trains over the crossing had materially changed to the extent that a substantially hazardous condition dangerous to the health and safety of the public does not now exist. It is further alleged that the hazard created at the time of establishing the crossing was not sufficient to justify the imposition on the company of the entire cost; that if the hazard is now sufficient to warrant the signals, it was created by the erection of improvements over which the company has no control and by the extent of traffic on the road; that the installation will be of substantial benefit to the public and nearby property owners and of little benefit to the company; and that the imposition of the entire cost upon the company was arbitrary, capricious, unreasonable and inequitable, contravenes certain statutory and state and federal constitutional provisions and will confiscate the company's property without due process of law.

Maricopa county sought and secured permission to intervene. The county and the commission filed motions to dismiss for the reasons that no claim for relief was stated and that the matters set forth had been adjudicated. These motions were granted and this appeal follows.

█ In the complaint request was made that the order of the commission be suspended pending the action and that the commission be enjoined from recovering any fines or penalties in the meantime. Pursuant to an order to show cause a hearing was had on this request and the relief was denied. The notice of appeal is only from the final judgment. The company seeks to test in this court the validity of the denial of injunctive relief. When the matter reached this court there was filed a motion to dismiss the appeal upon the ground the matter was moot, supported by affidavit that the company had installed the signals. We refused to dismiss the appeal feeling that the company still had the right to contest the validity of the order since if valid it required continuous maintenance of the installation. We believe, however, that compliance with the order pending litigation eliminates any necessity of determining the legality of the court's action in denying the injunction pendente lite.

█ From the memorandum opinion filed giving the reasons for dismissing the company's complaint it appears the trial court's view was that because counsel for the company participated with the attorney general in the handling of the case of Maricopa County v. Corporation Commis-

sion, supra, the company was bound by the judgment in that case even though it was not a named party and that case was res judicata as to the questions herein presented. Assuming without deciding that the court was correct in ruling that the company was in legal effect a party in the first case, yet we do not believe the res judicata rule bars it from testing the validity of this judgment.

When the Maricopa County case was reversed and subsequent thereto the trial court vacated the first order of the commission, the subject matter remained pending for decision by the commission in accordance with the law announced by this court. It remained pending as though no order had been made. From language used by this court the commission apparently believed the only legal action it could take was to enter the second order without notice upon the basis of the record made nearly three years previously without the consideration of anything that might have happened in the interim. In this the commission was in error. Certainly, there could be no relitigation of the same order that was tested in the first case, but when after reversal a new and different decision is rendered in the same proceeding which materially and adversely affects a party, he is not barred from questioning the validity of the second decision on some ground that never existed in the first case. The complaint alleges that the new order was made without notice and

that conditions in the meantime had so changed to the extent that there no longer existed a substantially hazardous condition dangerous to public health and safety. If this in fact be true, the second order would be unreasonable and should be vacated. Certainly this question was not and could not have been litigated in the first case. Res judicata has no effect upon it. Due process of law demands that the company be given a hearing on this question.

The company contends that any order of the commission of the nature involved herein must be reasonable to avoid transgressing constitutional rights. Generally this is correct. Should the commission make such an order when in fact there was no reasonable necessity for public safety or would require protective devices at excessive costs when it appeared that some other less costly device would equally serve the purpose, probably such order would come within the area of unreasonableness. The motion for rehearing before the commission and the complaint having alleged facts which, if true, would render the second order not reasonably necessary for public protection, due process of law requires that the company be given the opportunity to prove if it can by clear and satisfactory evidence that the second order was unreasonable in this respect.

The company contends that if our interpretation of section 69–228, supra, be correct, the section is unconstitutional, the

338

theory being that the legislature cannot impose the entire cost of signalling devices upon the company for the reason that to do so would be unreasonable and especially so since the commission has found that the company and Maricopa county would benefit in equal proportions and that it was reasonable and equitable under the circumstances that each pay half the cost. The mere fact the statute imposes the entire cost upon the company does not infringe upon constitutional rights. The police power of the state may be so exercised. Erie R. Co. v. Board of Public Utility Com'rs, 254 U.S. 394, 41 S.Ct. 169, 65 L.Ed. 322; Missouri Pacific Ry. Co. v. City of Omaha, 235 U.S. 121, 35 S.Ct. 82, 59 L.Ed 157; Atchison, T. & S. F. Ry. Co. v. Public U. Commission, 346 U.S. 346, 74 S.Ct. 92, 98 L.Ed. 51. Much emphasis is placed upon the proposition that since the commission found that the county received equal benefits and it is reasonable that it contribute equally to the costs, the order by reason of this finding is ipso facto unreasonable and thereby drawn into the sphere of unconstitutional law. We are not impressed with this argument when the statute gives the commission no power to allocate a portion of the costs to the county. When because of local conditions public safety requires certain safety measures, the relative benefit to the public and the railroad company is neither a circumstance nor a factor to be considered in determining the reasonableness of the order. The reasonableness of the cost or the character of the device required is not questioned. Under such circumstances when the commission has legally found that the hazards at the crossing create the degree of danger that safety measures are required to adequately protect the health and safety of the public, it should require reasonable protective measures at the cost of the company irrespective of the relative benefit accruing to the public. The statute in effect says that under such conditions it is reasonable to require the company to pay all and the commission cannot find to the contrary. The controlling factors are local safety and necessity. We concur in the principles stated in Borough of Sayreville v. Pennsylvania R. Co., 44 N.J.Super. 172, 129 A.2d 895, pending on certification to New Jersey Supreme Court, 24 N.J. 222, 131 A.2d 586; Atchison, T. & S. F. Ry. Co. v. Public U. Commission, supra.

The contention is made that a statute placing the entire cost on the railroad offends the commerce clause of the federal constitution. There is no merit to the contention. Erie R. Co. v. Board of Public Utility Com'rs, supra.

Since the company is entitled to its day in court on the question of whether in fact at the time of the second order there was a hazardous condition that reasonably necessitated the requirement of safety signals for public protection, the case must be reversed with instructions to reinstate the

complaint, and allow the company to prove, if possible, by clear and satisfactory evidence that there was no such hazard. If such proof be not submitted, the commission's action should be affirmed.

Judgment reversed.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.