**Carlton T. KIEBACH, Appellant,**

v.

**Mrs. A. R. LUKER, Appellee.**

**No. 15780.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 13, 1972.

Rehearing Denied Feb. 10, 1972.

---

Nagle & Barr, David J. Nagle, Houston, for appellant.

Talbert, Giessel & Stone, Alice Giessel, Houston, for appellee.

PEDEN, Justice.

Personal injury suit arising from a collision at an intersection. Plaintiff appeals from judgment for defendant based on jury's not having found that any negligent act of either party was a proximate cause of the collision.

Plaintiff was driving south on Fannin, a one-way street near downtown Houston, when his car collided with that of defendant. She was heading west on Webster, a

two-way street, and had just pulled into the intersection when the accident occurred. Four lanes are marked on Fannin St. Each of the two outer lanes is twenty feet wide; this provides room for a parking lane along each curb plus a lane for moving traffic beside the parked cars. Each of the other two lanes, in the center of the street, is ten feet wide. Plaintiff was driving in the lane next to the cars parked along the left curb. There is evidence that the point of impact was in the intersection, some sixteen feet west of the east curb line of Fannin. However, the defendant and her daughter, who was a passenger in defendant's car, testified that the defendant had stopped for a stop sign at the intersection, then had pulled forward in an effort to look through the parked cars for south bound traffic, but that she had stopped again and when the plaintiff's car ran into theirs, the front of their car did not extend into the plaintiff's lane beyond the line of cars parked along the east curb. Defendant testified that the plaintiff turned his car into hers and struck the right corner of her front bumper.

In his first four points of error the appellant complains of the trial court's refusal to permit him to file a trial amendment and to submit to the jury issues based on the refused amendment. The proposed trial amendment appears in the transcript bearing the notation "Refused," the signature of the trial judge and the file date of November 19, 1970. (The case went to trial on November 16, 1970 and the court's charge was submitted to the jury on November 20, 1970.) It alleged that defendant "failed to begin her left turn on Fannin from a point close to the center line of Webster, which was contrary to the terms of Article 6701d, which was negligent, and which actions were a proximate cause of the collision in question."

The appellant correctly states in his brief that evidence is in the record without objection concerning defendant's having driven her car on Webster about four or five feet south of the north curb and that the north half of Webster is sixteen feet wide.

■ We overrule these points of error. The statement of facts does not mention the offer of a trial amendment. Neither the objections of the defendant nor the reasons for the trial court's refusal of the amendment appear in the statement of facts or the transcript.

■ As we stated in Herrin Transportation Co. v. Parker, 425 S.W.2d 876 (1968, writ ref., n. r. e.), it is apparent from Rule 63 (Texas Rules of Civil Procedure)

"that the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the one resisting the filing of the pleading, as does the burden of showing prejudice in the case of a trial amendment offered under Rule 66. However, the burden of demonstrating that the trial court erred in refusing to permit the amendment rests on the party contending that such action was not justified by the rules. The mere fact that the court refused to permit the amendment is not sufficient. The statements of fact concerning the circumstances attending the presentation and refusal of the amendment found in appellants' brief cannot be accepted since appellee has pointed out that they are not supported by the record, and thereby refuses to admit that the matter is fairly and fully presented. In the absence of a showing, either in the statement of facts or by bill of exception, of the facts attending the presentation of the amendment and the action of the trial court in refusing to permit it to be filed and considered, this court must presume that the trial court's action was correct under the circumstances, and that he did not abuse his discretion. Robertson v. Southwestern Bell Telephone Company, 403 S.W.2d 459 (Tex.Civ.App., Tyler 1966); Coffey v. Ft. Worth & D. Ry. Co., 285 S.W.2d 453 (Tex.Civ.App., Eastland 1955)."

■ Appellant's ninth point of error is that the jury's first finding is contrary to all the evidence, his tenth point is that such finding is contrary to the great weight of the evidence and his eleventh point is that the jury's finding on the third issue is against the great weight of the evidence.

In response to special issues, the jury 1) did not find that the defendant failed to keep a proper lookout and 3) did not find that the defendant was negligent in applying her brakes.

We find no merit in these points. As to each of the issues, No. 1 and No. 3, the appellant as plaintiff had the burden of proof. As to her lookout, the defendant testified that she looked north on Fannin through weeds and parked cars for traffic when she stopped for the stop sign, that she looked while she was pulling up and also when she stopped the second time at a place where her vision was unobstructed. The investigating officer testified that she told him she didn't see the other car until they hit.

As to brakes, the defendant said she stopped at the stop sign, then pulled up a few feet to a point where she could see oncoming traffic without getting in its way; that she was stopped at that point when struck. Her daughter corroborated this testimony.

The plaintiff, the driver of a car in the lane to the right of the plaintiff and the police officer who made the accident investigation testified, in effect, that the defendant's car had gone approximately sixteen feet into Fannin St. when plaintiff's car hit it. The defendant testified that both cars had been moved from the scene before the investigating officer arrived; if so, the basis of his opinion evidence as to the point of impact, the place where he found plaintiff's car, was lost. The streets were wet, and there were no skid marks.

We have considered all the evidence and hold that the jury was entitled to decline to find from a preponderance of the evidence that the defendant failed to keep a proper lookout and that she failed to make such application of her brakes as a person using ordinary care would have made.

■ Appellant's seventh point of error is a great weight of the evidence point as to the jury finding to Special Issue No. 5A.

The series of issues in question and the jury findings were:

### SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that on the occasion in question Mrs. Luker entered the intersection when the vehicle driven by Carl Kiebach was approaching so closely as to constitute an immediate hazard?

"Answer: 'We do' or 'We do not'.

"To which the Jury answered: 'We do'.

"An approaching vehicle is an 'immediate hazard' if it is so close that a person using ordinary care would reasonably conclude that he could not proceed into the intersection ahead of the approaching vehicle without danger of collision.

"If you have answered Special Issue No. 5, 'We do', and only in that event, then answer:

### SPECIAL ISSUE NO. 5 A

"Do you find from a preponderance of the evidence that such action of Mrs. Luker was negligence?

"Answer: 'We do' or 'We do not'.

"To which the Jury answered: 'We do not'.

"If you have answered Special Issue No. 5 A 'We do', and only in that event, then answer:

### SPECIAL ISSUE NO. 6

"Do you find from a preponderance of the evidence that such negligence was

a proximate cause of the occurrence in question?

"Answer: 'We do' or 'We do not'.

"To which the Jury made no reply."

We overrule this point. The jury was entitled to remain unconvinced by a preponderance of the evidence that the defendant's car extended beyond the line of parked cars along the east curb of Fannin St. when the collision occurred and unconvinced that she was negligent in driving that far into the intersection in order to look for oncoming traffic. The jury may have been unconvinced that the defendant proceeded far enough into the intersection to be ahead of the approaching vehicle.

Appellant's eighth point of error is that the trial court erred in submitting Special Issue No. 5 A when no legal excuse was raised by the evidence for defendant's having failed to yield the right of way.

■ We conclude that under the evidence we have reviewed in this case, the defendant had entered the intersection but that a fact issue was raised as to whether she had proceeded so far into it as to have failed to yield the right of way. We find no error in the submission of the issue. Further, the statutory duty to yield right of way is not absolute, but is conditional. Londow v. Bergeron, 398 S.W.2d 297 (Tex. Civ.App.1966, writ ref. n. r. e.); McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957); Booker v. Baker, 306 S.W.2d 767 (Tex.Civ.App.1957, writ ref. n. r. e.).

Appellant's fifth and sixth points of error are that the trial court erred in failing to grant his motion for instructed verdict as to liability and in failing to grant his motion for judgment n. o. v.

We have held that the jury's findings in favor of the defendant as to each of the three primary negligence theories submitted to the jury were not contrary to the great weight of the evidence. Those holdings dispose of these points of error.

The judgment of the trial court is affirmed.