**GONZALES COUNTY SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.**

No. 11967.

Court of Civil Appeals of Texas, Austin.

Oct. 18, 1972.

Rehearing Denied Nov. 8, 1972.

Joe R. Long and Gary Evatt, Austin, for appellant.

Fly & Moeller, William S. Fly, Victoria, Crawford C. Martin, Atty. Gen., by John Banks, Asst. Atty. Gen., Heath, Davis & McCalla, Dudley D. McCalla, Austin, for appellees.

SHANNON, Justice.

Appellant, Gonzales County Savings and Loan Association, filed suit in the district court of Travis County against Appellees, The Savings and Loan Commissioner of Texas and South Texas Savings Association, to set aside the order of the Commis-

sioner dated February 23, 1972, approving the application of South Texas Savings Association to establish a branch office in Hallettsville. The district court sustained the order of the Commissioner. We will affirm the judgment of the district court.

This case comes not as a stranger for this is its second appearance in this Court. In the first case a prior order of the Commissioner, dated August 7, 1969, approving the same application, was held by this Court to be insufficient for the reason that the underlying facts supporting the findings were not set out as required by Article 852a, Section 11.11(4) of the Texas Savings and Loan Act, Vernon's Ann.Civ. St. Lewis v. Gonzales County Savings and Loan Assn., 461 S.W.2d 215 (Tex.Civ. App.1970). The Supreme Court affirmed that judgment and, in addition, held in its opinion that the Commissioner's order was supported by substantial evidence, 474 S. W.2d 453 (Tex.1971). That Court then remanded the case to the Commissioner for further proceedings consistent with its opinion.

Pursuant to the mandate of the Supreme Court the district court remanded the case to the Commissioner "for further proceedings consistent with the opinion and judgment of the Supreme Court." The Commissioner then entered the order presently under consideration a few days later without notice or hearing.

■ Although Appellant's brief contains multiple points of error, Appellant's principal contention is that on remand the Commissioner was obligated to reopen the case and hear additional evidence on all points.[1] This is so, Appellant argues, since the Supreme Court's opinion reduced the Commissioner's first order to the status of "mere waste paper," and that the entry of

---

[1] Among others, Appellant relies on Federal Communication Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656 (1940), Denver & Rio Grande Western Co. v. Industrial Commission of Utah, 74 Utah 316, 279 P. 612 (1929) and Southern Pacific Co. v. Corporation Commission, 83 Ariz. 333, 321 P.2d 224 (1958). None of these cases involve administrative action pursuant to a remand by the highest court for proceedings consistent with the opinion of that court and in which opinion the merits of the case were passed on.

the new order required that notice be issued and that a hearing be held as if the case had never been heard or decided by any court.

We do not agree with Appellant's contention and are of the opinion that the disposition of this appeal is governed by construction of the prior opinion of the Supreme Court. That Court held that the initial order of the Commissioner was rendered "insufficient" by its failure to contain a statement of the underlying facts supporting the findings as required by Article 852a, Section 11.11(4). The Supreme Court also considered the substantial evidence counterpoints and held that there was substantial evidence to support the Commissioner's order granting the branch office. The Court then remanded the cause to the Commissioner for further proceedings consistent with its opinion.

Our view is that the Supreme Court remanded the cause to the Commissioner to correct the deficiency of the order by supplying the underlying facts required by Article 852a, Section 11.11(4). The opinion of the Supreme Court neither required nor permitted the Commissioner to reopen the hearing for additional evidence on the merits. This conclusion is supported by the fact that the Court in that opinion also *held* the order of the Commissioner to be supported by substantial evidence on all points.

Appellant also argues that the order entered after remand is invalid because it does not contain a concise and explicit statement of underlying facts supporting the finding the branch office will be supervised by qualified full-time management.

That portion of the order criticized by Appellant reads as follows:

"The Commissioner further finds that the proposed branch office will be super-vised by qualified full-time management. Mr. W. S. Fly, a director of South Texas since it was chartered in 1949, testified that the proposed branch manager was a junior officer of the applicant. Mr. Blair testified that the proposed manager had been with South Texas about three years and that he was qualified to manage the branch office and would be a full-time manager. The Commissioner finds such testimony to be credible and reliable and further finds that protestants offered no evidence which in any way controverts or disputes such evidence. The Commissioner further finds that the character, responsibility and general fitness of the management of the branch applicant are such as to command confidence and warrant belief that the business of the proposed branch office will be honestly and efficiently conducted in accordance with the intent and purpose of the Savings and Loan Act."

■ Appellant claims that the above-quoted statement did not consist of "facts," but was merely an adoption by the Commissioner of the conclusions or opinions of the witnesses. This may be true, but such is not erroneous. It is not in this instance necessary to divine the sometimes vague distinction between "fact" and "opinion", since the testimony of the witnesses was received without objection, and the Commissioner was entitled to rely on this testimony in the preparation of his order as any other. Moreover, the above-quoted portion of the order sets out all of the underlying facts in the record regarding the management which the Supreme Court in its opinion has previously held to be substantial evidence.

The judgment of the trial court is affirmed.

Affirmed.