**Paulo PATINO, Appellant,**

**v.**

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 11998.**

Court of Civil Appeals of Texas, Austin.

Feb. 28, 1973.

Rehearing Denied March 21, 1973.

Arthur A. Domangue, Harry A. Nass, Jr., San Antonio, for appellant.

Damon Ball, Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

SHANNON, Justice.

The question in this appeal relates to the refusal of the trial court to allow appellant's trial amendment asserting physical and mental incapacity to file his claim for compensation with the Industrial Accident Board within a six month period from the date of injury.

Appellant, Paulo Patino, appeals from a take nothing judgment in a workmen's compensation case entered by the district court of Comal County. Appellee is Texas Em-

ployers Insurance Association. We will affirm the judgment of the trial court.

On September 26, 1969, appellant suffered a head injury in Comal County while working in the course of his employment for Beldon Roofing and Remodeling Company. He filed his claim for compensation with the Industrial Accident Board on June 29, 1970, about nine months after his injury. As good cause for his late filing appellant pleaded that he believed his injuries not to be serious and also, that he had been led to believe by an employee of the insurance company that his claim had been filed and that he had relied upon those representations. The court submitted a cluster of issues concerning appellant's belief that his claim for compensation had been filed. In response to special issue number eight the jury failed to find that appellant, for six months after the date of the injury, believed that his claim had been filed. Appellant does not complain of the jury's answer to that special issue.

The case went to trial on December 7, 1971, and it is apparent that the testimony was completed and the parties rested before noon on December 9. It appears that the charge was prepared during the afternoon of December 9.

Moments before the court's charge was read to the jury on December 10, appellant tendered a trial amendment and two special issues based upon that amendment. The sense of the amendment was that appellant, immediately after his injury, suffered physical and mental incapacity for a period of time, and that the date when he did file his claim for compensation, June 29, 1970, was within six months after the removal of his physical and mental incapacity. The refusal of the court to allow the amendment and to submit the issues is the complaint in appellant's point of error one.

The tendered trial amendment appears in the transcript bearing the notation, "refused", the signature of the judge, and the file date of 9:05 A.M., December 10, 1971. That instrument also shows that it was re-

fused by the court moments earlier at 8:55 A.M. The statement of facts contains no mention of the fact that the trial amendment was offered. Neither the objections of appellee to the amendment, nor the reasons urged by appellant, or the reasons for the action of the trial court appear in the statement of facts or transcript.

Rule 66, Tex.Rules of Civ.Proc. provides:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence."

The matter of granting leave to file a trial amendment is addressed to the sound discretion of the trial court, and the court's order will not be set aside in the absence of a clear showing that the court abused its discretion. Aubin v. Hunsucker, 481 S.W.2d 952 (Tex.Civ.App.1972, writ ref. n. r. e.); Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605 (1948).

It is not an abuse of discretion to deny leave to file an amendment which would change the factual basis of the lawsuit and probably prejudice the opposite party in maintaining his defenses. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422 (1954).

Tex.R.Civ.P. 63 permits the filing of an amended pleading within seven days of the date of the trial or later only after leave of court has been obtained. Leave will be granted unless there is a showing that the amendment will operate as a surprise to the opposite party.

Under Rule 63 the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the party resisting the filing of that pleading, as does the burden of showing prejudice in case of a trial amendment offered under Rule 66. However, the burden of demonstrating that the trial court erred in refusing to permit the amendment rests on the party contending that such action was not justified by the rules. The mere fact that the court refused to permit the amendment is not sufficient. Herrin Transportation Co. v. Parker, 425 S.W.2d 876 (Tex. Civ.App.1968, writ ref. n. r. e.); Kiebach v. Luker, 476 S.W.2d 46 (Tex.Civ.App.1972, no writ).

In the absence of showing either in the statement of facts or by bill of exception, of the facts attending the presentation of appellant's trial amendment and the action of the trial court in refusing to permit it to be filed, this Court will presume that the trial court did not abuse his discretion in denying the amendment. Herrin Transportation Co. v. Parker, *supra*; Kiebach v. Luker, *supra*.

Point of error two [1] does not comply with Tex.R.Civ.P. 418 as it does not inform this Court of the questions raised and discussed in the brief. Crutchfield v. Associates Investment Company, 376 S.W.2d 957 (Tex.Civ.App.1964, writ ref'd). In addition, an examination of appellant's amended motion for new trial does not show that point of error two was germane to any assignment therein set forth and on that account will be considered as waived. Tex.R.Civ.P. 374, State Bar of Texas, Ap-

---

1. Point of error number two reads, "The Trial Court erred in not granting Paulo Patino a new trial on his Motion for New Trial in that the trial court was duty bound to grant a new trial rather than grant a Judgment to Texas Employers Insurance Association because the ends of justice would be better served by granting a new trial and injustice will result if this cause is not reversed and remanded."

pellate Procedure in Texas, § 8.11 [2] [a] and [b] (1964).

Point of error two, restated, is entirely different from its original statement.[2] That point, restated, complains of the failure of the court to submit good cause. As restated, point of error two is, likewise, not meritorious for the reason that the court *did* submit appellant's requested issues re-relating to good cause in conformity with his evidence.

██ As appellant did not support his point of error three with argument or authority, it will be considered waived. State Bar of Texas, Appellate Procedure in Texas, § 12.4 [6] (1964); Doss v. Blackstock, 466 S.W.2d 59 (Tex.Civ.App.1971, writ ref. n. r. e.).

Affirmed.

---

2. As restated, point of error two reads, "The Trial Court erred in not granting Paulo Patino a new trial on his property [sic] and timely filed Motion for New Trial in that the record fully shows that

the issue of good cause for late filing was not submitted to the jury for consideration and it would subserve the ends of justice to reverse and remand than to reverse and render."