ALSTAN CORPORATION, Appellant,

v.

BOARD OF ADMINISTRATION OF CHIMNEY CORNERS TOWNHOUSES, Appellee.

No. 14536.

Court of Appeals of Texas, Austin.

May 28, 1986.

Rehearing Denied July 9, 1986.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellant.

Richard L. Crozier, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellee, the Board of Administration of Chimney Corners Townhouses, sued appellant Alstan Corporation and Miller & Dryden, Inc., in the district court of Travis County for defective workmanship in the construction of roofs and drainage systems of some townhouses. After a jury trial, the district court rendered judgment that appellee recover $422,500 against Alstan and the other defendant, jointly and severally. Only Alstan has perfected an appeal from the judgment. This Court will affirm the judgment.

By trial amendment, the district court permitted appellee to plead that Alstan and Miller & Dryden, Inc., entered into a joint venture to build and sell the Chimney Corners Townhouse project. The

district court's allowance of the trial amendment is the basis for Alstan's third point of error. According to Alstan, the district court permitted appellee to file the trial amendment after the evidence had closed, while counsel and the district court were preparing the court's charge. This Court has not discovered any record claim that Alstan was unfairly surprised by the court's allowance of the trial amendment.

The matter of granting leave to file a trial amendment is addressed to the sound discretion of the trial court, and the court's order will not be set aside in the absence of a clear showing that the court abused its discretion. *Vermillion v. Haynes,* 215 S.W.2d 605 (Tex.1948); *Patino v. Texas Employers Insurance Association,* 491 S.W.2d 754 (Tex.Civ.App.1973, writ ref'd n.r.e.); *Aubin v. Hunsucker,* 481 S.W.2d 952 (Tex.Civ.App.1972, writ ref'd n.r.e.).

Under Tex.R.Civ.P.Ann. 63 (1979) the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the party resisting the filing of that pleading. *Patino v. Texas Employers Insurance Association, supra.* In the absence of a record showing of surprise, this Court will presume that the district court did not abuse its discretion in granting the amendment. *See Id.* The point of error is overruled.

The jury answered that Alstan and Miller & Dryden, Inc., entered into a joint venture to build and sell the Chimney Corners Townhouse project. Alstan's remaining two points of error challenge this finding. Alstan's points of error are as follows:

### Point of Error No. 1

The trial court committed error in submitting special issue no. 1 to the jury as to a joint venture between the two defendants because there was no evidence in the record as to a joint venture between the two defendants.

### Point of Error No. 2

The trial court committed error in submitting special issue no. 1 to the jury as to a joint venture between the two defendants because there was insufficient evidence as to any joint venture between the two defendants.

Alstan's second point of error, as written, does not assert error. A trial court may not refuse submission of a requested special issue merely because the evidence is insufficient to support a judgment based on that issue; in fact, the court may refuse to submit a special issue only if there is no evidence to support its submission. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965).

The controlling consideration in ascertaining the character of a point of error directed at the state of the evidence is not whether the point uses the preferable, or even the proper, terminology, but instead is whether the point is based upon and related to a particular procedural step in the trial and appellate process and is a proper predicate for the relief sought in the appellate court. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 362 (1960); *see Pool v. Ford Motor Company,* 715 S.W.2d 629 (Tex.1986).

Although it seems probable that Alstan intended to raise both a "no evidence" and an "insufficient evidence" point of error, the points, as written, fail to do so. Moreover, the points of error both refer to a particular procedural step in the trial process, the submission of jury issues, at which an "insufficient evidence" argument has no legal relevance whatever. *Garza v. Alviar, supra.* Finally, Alstan's prayer for relief requests of this Court a reversal and rendition of judgment and not a reversal of the judgment and remand of the cause. "No evidence" points are those which call for reversal of trial court's judgment and rendition of judgment for appellant. "Insufficient evidence" points, in contrast, require the reversal of the trial court judgment and remand of the cause for retrial. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error, supra.* In sum, Alstan's second point of error does not raise the issue of factual

insufficiency of the evidence, and we need only address the "no evidence" point.

None of the parties complained of the district court's definition of "joint venture," which is a substantially correct statement of law. *Coastal Plains Development Corp. v. MiCrea, Inc.*, 572 S.W.2d 285 (Tex. 1978); *Brown v. Cole*, 155 Tex. 624, 291 S.W.2d 704 (1956). The court defined "joint venture" as:

an association of two or more parties in a common enterprise, [which] must include all of the following:

(1) a community of interest in the venture,

(2) an agreement to share profits and losses, and

(3) a mutual right of control or management of the enterprise.

In considering Alstan's no evidence point of error, this Court must reject all evidence contrary to the jury's finding of joint venture and consider only the facts and circumstances which tend to support that finding. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950); *Cartwright v. Canode*, 171 S.W. 696 (Tex. 1914). This Court's responsibility is to consider only the evidence and inferences which support the jury's affirmative finding of the elements of joint venture as defined in the court's charge.

Miller and Dryden, Inc., was formed in 1978 or 1979 for the purpose of developing Chimney Corners Townhouses. Miller and Dryden, Inc., was owned fifty percent by Kenny Dryden, twenty-five percent by Stan Miller, and twenty-five percent by A. L. Miller, Stan Miller's father. Stan Miller was president of the corporation. Alstan Corporation was formed in 1974, and has constructed a number of multi-unit living complexes since that time. Stan Miller and his father, A. L. Miller, own Alstan in equal shares. Stan Miller has been, at all times, general manager in charge of Alstan's day-to-day activities. Alstan was essentially the general contractor in charge of construction of the Chimney Corners Townhouses, and it seems that Stan Miller, in his capacity as general manager of Alstan, made the changes in the roof design which caused the leaks that prompted the lawsuit underlying this appeal.

The interlocking ownership relationship between Miller & Dryden, Inc., and Alstan Corporation is sufficient evidence to establish two of the elements of joint venture—community of interest and mutual right of control. It is plain that the two corporations had a community of interest in the project, and given the evidence of the loose fashion in which Stan Miller and Kenny Dryden managed the corporations and the project, the jury could have reasonably concluded that there was also mutual right of control. In this connection, there was proof that Kenny Dryden signed a building permit application on behalf of Alstan although he was not an officer of the corporation.

Evidence of an agreement whereby the corporations would share profits and losses is somewhat sparse. Both Miller and Dryden testified that they did take profits out of the project, but Dryden's profits were in the form of real estate commissions while Miller's were in the form of construction draws through Alstan.

Concerning the above-mentioned building permit, Kenny Dryden testified as follows:

Q: And then you signed it [the building permit] Alstan Corporation, by Kenny Dryden.

A: Yes, sir.

Q: Now, Alstan Corporation, of course, was your partner in the development of this project, was it not?

A: Yes.

Q: Did you have authority to sign Alstan Corporation to something such as this?

A: I doubt it. I had verbal permission. I'm not authorized to sign for Alstan.

Q: You, of course, are not a shareholder of Alstan.

A: No.

Q: Nor an officer in the corporation.

A: No.

**134**

Q: Just their partner in this project.

A: That's correct.

"[A] partnership is a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and *to divide the profits and bear the loss* in certain proportions." *Conrad v. Judson*, 465 S.W.2d 819, 826 (Tex.Civ.App, 1971, writ ref'd n.r.e.) [emphasis added]; *see also Vick v. George*, 671 S.W.2d 541 (Tex.App.1983), rev'd on other grounds, 686 S.W.2d 99 (Tex. 1984). Accordingly, Kenny Dryden's admission of partnership with Alstan Corporation implies an agreement between the two to divide the profits and losses from the Chimney Corners project. In fact, the admission of partnership implies all of the elements of a joint venture, because a joint venture "is in the nature of a partnership engaged in the joint prosecution of a particular transaction for mutual profit." *Brown v. Cole*, 155 Tex. 624, 291 S.W.2d 704, 709 (1956). We have concluded that the admission by Kenny Dryden is some evidence of a joint venture between Miller and Dryden, Inc., and Alstan.

■ Alstan contends that Dryden's remarks concerning a partnership are nothing more than conclusions which should not be given probative force. We observe that Alstan did not voice this objection at trial, but raises it now for the first time on appeal. The fact that Dryden's testimony may have been in the nature of a "composite fact" or conclusion does not deny it probative force. *Dilger v. Dilger*, 271 S.W.2d 169, 171 (Tex.Civ.App.1951, no writ); *Texas Co. v. Andrade*, 52 S.W.2d 1063, 1066 (Tex.Civ.App.1932), aff'd, 126 Tex. 388, 87 S.W.2d 1079 (1935). "Where an unimpeached witness states a fact as of his own knowledge, it must be taken that he had competent means of information and knowledge of the fact, unless the contrary appears." *Kottwitz v. Bagby*, 16 Tex. 656, 662 (1856); *see Gonzales County Savings and Loan Ass'n v. Lewis*, 486 S.W.2d 176 (Tex.Civ.App.1972, writ ref'd

n.r.e.). Alstan's no evidence point is overruled.

The judgment is affirmed.