404 P.2d 27

**Glen H. JONES, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah and Utah Power & Light Company, Defendants.**

**No. 10302.**

Supreme Court of Utah.

July 9, 1965.

Galen Ross, Salt Lake City, for plaintiff.

Phil H. Hansen, Atty. Gen. of Utah, F. Gerald Irvine, Robert B. Porter, Jr., Salt Lake City, for defendants.

HENRIOD, Chief Justice:

Review of a Commission decision that petitioner was too late under the limitations statute.[1] We agree with the Commission and affirm. No costs.

Petitioner was injured and was compensated intermittently. He was last attended by a doctor more than 3 years before his

---

1. 77-43-21, U.C.A.1953.
2. See: 8 Am.Jur.2d, Bail and Recognizance, § 89 and 1 A.L.R.3d 945.

1. Title 35-1-99, Utah Code Annotated 1953: "If no claim for compensation is filed with the industrial commission

present claim was filed. His contention is that his employer did not pay the doctor bill until after the three year period, and thus the statute was tolled. We disagree with this contention. The compensation was exhausted at the time of the last medical service, and the mere fact that the employer in this case, who incidentally had no previous knowledge of the medical charge, promptly paid it on notice, cannot, we hold, emasculate the obvious legislative intent of the statute. Otherwise, a doctor could withhold a balance due of $1.00 for years and thus render impotent the obvious import of the statute.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.

within three years from the date of the accident *or the date of the last payment* *of compensation*, the right to compensation shall be wholly barred.