511 P.2d 721

**Don W. PETERSON, Plaintiff,**

v.

**INDUSTRIAL COMMISSION of Utah et al., Defendants.**

No. 13254.

Supreme Court of Utah.

June 22, 1973.

Dwight L. King, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Robert J. Shaughnessy, Salt Lake City, for defendants.

ELLETT, Justice:

This matter is before the court for review of an order of the Industrial Commission denying any relief to the plaintiff for an industrial accident.

The plaintiff was injured in the course of his employment on February 16, 1964. No claim was filed with the Industrial Commission at the time because the defendant Insurance Company of North America (insurance carrier for plaintiff's employer) admitted coverage and paid plaintiff for his temporary disability a total of $1,637.66. In addition thereto, it paid $1,273.73 for medical expenses incurred in treating the plaintiff for his injuries. The last payment made to the plaintiff or for his account was in March 1968.

The insurance carrier filed its final report of injury and statement of total losses with the Industrial Commission on August 30, 1966. This report is required by the Industrial Commission from all insurers and self-insurers who give compensation coverage to employees and is made as a final report of the case.

On September 15, 1971, the plaintiff filed with the Industrial Commission an application for a hearing relative to injuries which likely had their origin in the original accident. The Industrial Commission refused to grant a hearing and dismissed the matter on the ground that the statute of limitation had run.

Section 35–1–99, U.C.A.1953, provides:

. . . If no claim for compensation is filed with the industrial commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred.

The plaintiff never filed a claim with the Industrial Commission until some three and one-half years after the last payment was made on account of the injuries resulting from the accident. He relies on the case of Utah Apex Mining Co. v. Industrial Commission of Utah [1] as authority holding that the filing of the final report by the insurance carrier was sufficient to avoid the necessity of filing a claim by the injured workman.

We do not think that case is in point. There, the *employer* filed a report with the Industrial Commission setting forth the injury, and in connection therewith, the insurance carrier requested the injured employee to appear before the commission's medical advisory committee to have a determination of the extent of the disability. Both parties assumed that the Industrial Commission had acquired jurisdiction, and both participated in the hearing and subsequent proceedings. The commission made findings which were accepted by the parties, and a settlement based thereon was made. Later the plaintiff in that case requested a hearing for an additional award.

1. 116 Utah 305, 209 P.2d 571 (1949).

The insurance carrier there denied responsibility because more than three years had elapsed since the last payment was received by the injured employee.

This court there held that the proceedings instituted by the employer and its insurance carrier prevented them from claiming that the Industrial Commission did not acquire jurisdiction in the matter. In the instant case neither the employer nor its carrier did anything to lull plaintiff into any false sense of security or to prevent him from filing a claim with the Industrial Commission. He had a full three years after March, 1968, in which to file a claim if he cared to do so.

The filing of a final report by an insurance carrier is mandatory and does not, nor is it intended to, confer any jurisdiction of the settled matter upon the Industrial Commission.

Since the jurisdiction of the Industrial Commission was not attempted to be invoked for more than three years after the last payment was made, the statute had run, and the Commission was correct in refusing to grant a hearing in the matter.[2]

The order is affirmed. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

2. Fredrickson v. Industrial Commission of Utah, et al., 19 Utah 2d 233, 429 P.2d 981 (1967).