517 P.2d 1329

W. W. and W. B. GARDNER and State
Insurance Fund, Plaintiffs,

v.

The INDUSTRIAL COMMISSION of Utah
and Carl K. Camden, Defendants.

No. 13288.

Supreme Court of Utah.

Dec. 28, 1973.

Robert D. Moore, of Rawlings, Roberts & Black, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Robert J. Shaughnessy, Salt Lake City, for defendants.

HENRIOD, Justice:

Petition for a review of an order of the Commission awarding applicant Camden workmen's compensation for alleged injury while employed, that occurred on July 30, 1968. Reversed.

The applicant saw a doctor the day he was injured and again on August 3 and 9, 1968, receiving treatment diagnosed as "contusions," causing him to lose one and one-half days' work. The State Insurance Fund made payment for the loss, x-rays, etc., the last payment being made on October 25, 1968. He saw the doctor again on July 18, 1971, who sent him to another doctor, and on February 18, 1972, sent a note advising as to this event. The second doctor had on January 19, 1972, diagnosed the injury as "delayed ulna nerve palsy" which would result in a month's unemployment. No notice of those events was given either

to the Industrial Commission or the State Fund prior to the first doctor's note of February 18, 1972. On March 3, 1972, Camden filed an application for hearing with the Commission, asking for further compensation, some three years and seven months after the accident, and some three years and four months after the last compensation was paid. On these facts the Commission made a compensation award.

The controlling statute in this case is Title 35–1–99, Utah Code Annotated 1953, as amended, which clearly says that:

> . . . If no claim for compensation is filed with the Industrial Commission within three years from the date of the accident *or the date of the last payment of compensation*, the right to compensation shall be *wholly* barred. [Emphasis added.]

The petitioners here simply urge that under the facts of this case, the applicant did not file his claim within the statutory time, either from the date of accident or the date of last compensation standpoint since three years passed in either case, before application was filed, and thus has no basis for receiving the requested compensation, —with which we agree. We agreed in a similar case in our recent case of United States Smelting v. Nielsen,[1] which collates and discusses most of the cases cited in the briefs of counsel here. We refer to that case and its reasoning and conclusions,

with others cited therein, as being dispositive here.

The main thrust of defendants' argument is that the statute mentioned above starts to run from the date of the last treatment. Under no construction of its wording can one arrive at such conclusion. Defendants' only basis for such a construction, is an ipse dixit to the effect that this court so held in Jones v. Industrial Commission.[2] Defendants say in their brief that in stating in that case that *"The compensation was exhausted at the time of the last medical service"* we really meant that "the time of rendering the service *is the point at which* compensation *becomes "exhausted."* We did not say the compensation "became" exhausted* because of any medical service, but we did say that in that particular case the compensation "was" exhausted. Perhaps we should have said it "already" was exhausted or "had become" exhausted before that time. If there were any doubt about the wording in that case or any other interpretation of the statute, the later United States Smelting v. Nielsen case, supra, should resolve and dispel such doubts in paying homage to the plain, clear language of the statute, leaving the matter of changing the language to the legislature if it chooses to liberalize, clarify or otherwise re-write it.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. 19 Utah 2d 239, 430 P.2d 162 (1966).

2. 17 Utah 2d 28, 404 P.2d 27 (1965).