DEAN EVANS CHRYSLER PLYMOUTH, and the State Insurance Fund, Plaintiffs and Appellants,

v.

Donald S. MORSE, Defendant and Respondent.

No. 19653.

Supreme Court of Utah.

Nov. 16, 1984.

---

James R. Black, Wendy B. Moseley, Salt Lake City, for plaintiffs and appellants.

Robert J. Debry, Phillip B. Shell, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Plaintiffs seek review of an Industrial Commission order awarding defendant Morse compensation for permanent partial disability.

Morse suffered a compensable injury to his back on November 25, 1975, while in the employment of Dean Evans Chrysler Plymouth. An "Employer's First Report of Injury" form was prepared by the employer on the same day and received by the Industrial Commission on November 28. Morse's physicians sent the Commission three medical reports between December of 1975 and April of 1978 advising it that Morse had sustained permanent disability of indeterminate percentage. Morse was paid temporary total disability benefits by his employer's insurer, State Insurance Fund, through August 8, 1978.

On January 20, 1983, Morse filed a claim for permanent partial disability. In support of his application for a hearing, his attorney filed a petition to determine whether the tolling provision of the amended version of section 35–1–99 effective May 12, 1981, would apply to Morse's 1983 claim.[1] The administrative law judge held

---

1. U.C.A., 1953, § 35–1–99:

Notice of injury and claim for compensation—Limitation of action—Tolling period for filing claim. When an employee claiming to have suffered an injury in the service of his employer fails to give notice to his employer of the time and place where the accident and injury occurred, and of the nature of the same, within 48 hours, when possible, or fails to report for medical treatment within said time, the compensation provided for herein shall be reduced 15%; provided, that knowledge of such injury obtained from any source on the part of such employer, his managing agent, superintendent, foreman or other person in authority, or knowledge of any assertion by the injured sufficient to afford an opportunity to the employer to make an inves-

that the claim was barred by that section, inasmuch as it had been filed more than three years after the last compensation was paid, and that the tolling provision of the 1981 amendment applied only to accidents occurring after its effective date. The Industrial Commission reversed on the ground that at the time the amendment took effect three years had not expired from the date of the last payment of compensation to Morse and that in the absence of notice to him by his employer of any denial of further liability, the tolling amendment would apply to his instant claim for permanent partial disability.

Plaintiffs contend that Morse's claim for permanent partial disability was barred under section 35-1-99 because it was filed more than three years after the date of last compensation, and that the Commission erred in applying the 1981 amendment to his claim. They have filed lengthy briefs, cited statistics to show the burdensome consequences of that decision, and submitted affidavits to show that it was not the legislature's intent to have the tolling amendment operate retroactively. For the reasons given below, we find it unnecessary to reach what both parties consider the sole legal issue, *viz.*, retroactivity of the 1981 amendment.

■ Section 35-1-99 [2] was created to protect the rights of an employee to be compensated for an industrial injury. It contains the twin elements of notice and claim that are necessary to set in action compensation and benefit rights under the Workers' Compensation Act. The first sentence requires the employee to give notice to the employer of the time and place where the accident and injury occurred so as to apprise the employer of the injury. It then explains what constitutes notice to satisfy the requirements of the statute. "The purpose is dual: first, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury." 2 A. Larson, *Larson's Workmen's Compensation Law* § 78.20 (1983) (footnote omitted). The second sentence of the statute contains a one-year period of limitations to give such notice. The third sentence provides that all rights to compensation shall be barred if *no claim* for compensation is filed with the Industrial Commission within three years after the accident or the last date the employee received any compensation. We held in *Utah State Insurance Fund v. Dutson*, Utah, 646 P.2d 707 (1982), that this third sentence, which requires the filing of a claim within three years, must be read in connection with section 35-1-100 which provides:

Whenever an employee sustains an accident arising out of or in the course of his employment, the employee shall file with

tigation into the facts and to provide medical treatment shall be equivalent to such notice; and no defect or inaccuracy therein shall subject the claimant to such reduction, if there was no intention to mislead or prejudice the employer in making his defense, and the employer was not, in fact, so misled or prejudiced thereby. If no notice of the accident and injury is given to the employer within one year from the date of the accident, the right to compensation shall be wholly barred. If no claim for compensation is filed with the industrial commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred; provided, however, that the filing of a report or notice of accident or injury with the industrial commission, the employer or its insurance carrier, together with the payment of any compensation benefit or the furnishing of medical treatment by the employer or an insurance carrier, shall toll the period for filing such claim until the employer or its carrier notifies the industrial commission and employee, in writing, of its denial of liability or further liability, as the case may be, for the industrial accident or injury, with instructions upon said notification of denial to the employee to contact the industrial commission for further advice or assistance to preserve or protect the employee's rights; and provided further, that the said claim for compensation in any event must be filed within 8 years from the date of the accident.

2. U.C.A., 1953, § 35-1-99, prior to its 1981 amendment, was identical to the amended version set out in footnote 1 except for the two provisos to the last sentence which were added by the amendment.

the commission, in writing, notice of such accident, with a copy to the employer; if such notice is so filed within three years of the time of the accident or within the time limitation provided in section 35–1–99, the commission shall obtain jurisdiction to make its award when the injury becomes apparent.

We also gave approval there to prior cases of this Court which recognized that a claim for compensation need not bear any particular formality and that liberality was to be given to the form and substance of a claim. *Dutson*, at 709. In the *Dutson* case, the employee filed for additional medical benefits more than three years from the date of the accident and from the date of the last payment of compensation to her by her employer's insurer. However, the Industrial Commission had received within the three-year limit an "Employer's First Report of Injury" from the employer, a "Medical Report" from the employer's physician, and a "Notice of Payment of Temporary Disability Compensation" from the employer's insurer. We held that those filings gave notice to all interested parties of all material facts and that the Commission obtained jurisdiction to consider her subsequent claim for the expenses of additional surgery.

■ To summarize, sections 35–1–99 and 35–1–100 clearly mandate that an employee timely notify his employer when he has been injured in an industrial accident, and that the accident be timely reported to the Industrial Commission. Several other sections of the Workers' Compensation Act provide for the various contingencies, such as temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability. U.C.A., 1953, §§ 35–1–65 to –67, respectively. Most of these sections contain time limitations on the filing for those benefits. Further support for this interpretation is found in section 35–1–78 which gives the Industrial Commission continuing jurisdiction over its cases and allows for destruction of records of inactive cases after ten years, *other than* those of total permanent disability or where a claim has been filed as in section 35–1–99.

Morse notified his employer of the accident on the day it occurred, and the employer that same day filed with the Commission notice of time and place of accident. Morse's physician followed up by sending three medical reports to the Commission over the next seventeen months. These filings gave to all interested parties notice of the facts upon which Morse's subsequent claim would be based. Morse thereby complied with sections 35–1–99 and 35–1–100, and the Commission acquired jurisdiction. Morse's later claim for permanent partial disability is governed by section 35–1–66, which provides in pertinent part:

The commission may make a permanent partial disability award at any time *prior to eight years after the date of injury* to an employee whose physical condition resulting from such injury is not finally healed and fixed eight years after the date of injury and who files an application for such purpose prior to the expiration of such eight-year period.

(Emphasis added.)

■ Morse suffered his industrial injury on November 25, 1975. He filed his claim for permanent partial disability on January 20, 1983, well within the eight-year period of limitations provided by the statute. In reviewing the Commission's interpretations of general questions of law, we apply a correction-of-error standard, with no deference given to the Commission's interpretations. *State Tax Commission v. Industrial Commission*, Utah, 685 P.2d 1051, 1052 (1984); *Utah Department of Administrative Services v. Public Service Commission*, Utah, 658 P.2d 601, 608 (1983).

In support of their contention that Morse's claim is barred, plaintiffs cite *Gardner v. Industrial Commission*, 30 Utah 2d 377, 517 P.2d 1329 (1973), *Peterson v. Industrial Commission*, 29 Utah 2d 446, 511 P.2d 721 (1973), and *Jones v. Industrial Commission*, 17 Utah 2d 28, 404 P.2d 27 (1965). However, none of those cases favor plaintiffs. In *Gardner*, the State Insurance Fund had made its last

payment to the employee on October 25, 1968. On March 3, 1972, the employee applied for a hearing with the Commission and asked for further compensation. While it is not entirely clear from the opinion whether the employee had earlier filed a claim with or given notice to the Industrial Commission, it appears that he had not. Consequently, *Gardner* reached the correct result in denying further compensation. In *Peterson*, neither employer nor employee filed any claim with or gave any notice to the Industrial Commission until seven and a half years after the injury and three and one-half years after the last payment of compensation. The Industrial Commission properly relied on the version of section 35–1–99 then in effect that the statute of limitation had run. In *Jones* the implication again was that no claim at all had been filed before the claimant presented his medical bill. Under those circumstances, the bar of the statute was properly raised.

The Industrial Commission's award of benefits to Morse, though based on a different premise, was proper, and we affirm. Costs to defendant.

HALL, C.J., STEWART and DURHAM, JJ., and BOYD BUNNELL, District Judge, concur.

ZIMMERMAN, J., does not participate herein.