**UNITED PARCEL and/or Liberty Mutual Insurance Company, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF UTAH, and Kyle Lyman, Respondents.**

**No. 900174–CA.**

Court of Appeals of Utah.

April 10, 1991.

Denton M. Hatch, argued, Christensen, Jensen & Powell, P.C., Salt Lake City, for petitioners.

Virginius Dabney, Dabney & Dabney, P.C., Erie V. Boorman, Administrator Employers Reinsurance Fund, David Libby, Liberty Mut. Ins. Co., Salt Lake City, for Kyle Lyman.

Before BILLINGS, GARFF and ORME, JJ.

## OPINION

GARFF, Judge:

Petitioners, United Parcel and/or Liberty Mutual Insurance Company, appeal from the Industrial Commission's Order awarding respondent Lyman compensation for injuries sustained on July 22, 1981. United Parcel claims that the Industrial Commission lacked jurisdiction to award such compensation due to Lyman's failure to timely file the requisite claim for compensation under Utah Code Ann. § 35–1–99 (Supp. 1981). We find that the Commission lacked jurisdiction and therefore reverse the Commission's Order.

## FACTS

Lyman's accident occurred on July 22, 1981. In August 1981, United Parcel discharged Lyman for reasons unrelated to the accident. Lyman sought medical treatment for a back injury, which culminated in surgery for a herniated disk in September 1981. Lyman's physicians filed medical reports with the Industrial Commission (Commission), with copies to Liberty Mutual Insurance, which were received on September 17, 1981. On September 22, 1981, United Parcel filed a report of the injury with the Commission. Lyman's physicians also filed progress notes on November 2, 1981 and December 18, 1981.

On or about September 28, 1982, the Commission received the "Insurance Company's and Self Insurer's Final Report of Injury and Statement of Total Losses," which indicated that United Parcel's insurer, Liberty Mutual, denied liability. On October 5, 1981, Liberty Mutual informed Lyman by letter that his claim for compensation was denied, but that he had three years to petition the Industrial Commission for a hearing. Liberty Mutual never paid any medical expenses or benefits to Lyman. On or about April 27, 1988, Lyman again injured his back in an industrial accident. Following the suspension of benefits by his subsequent employer's insurer, Lyman filed an application with the Commission on October 18, 1988 seeking a hearing on his claims for medical expenses, temporary total compensation and permanent partial compensation, and other amounts from United Parcel, as well as from his subsequent employer. The administrative law judge concluded that the Commission had jurisdiction and ordered United Parcel and/or Liberty Mutual to pay worker's compensation benefits to Lyman. The Commission denied motions for review and affirmed the order. This appeal followed.

## STANDARD OF REVIEW

The standard of review for cases involving the Commission's rulings on issues of law is that of correction of error. Therefore, this court will, when necessary, correct errors of law with no deference to

the Commission's interpretations. *Kenne-cott Corp. v. Industrial Comm'n,* 740 P.2d 305, 307 (Utah Ct.App.1987); *Dean Evans Chrysler Plymouth v. Morse,* 692 P.2d 779, 782 (Utah 1984); *State Tax Comm'n v. Indus. Comm'n,* 685 P.2d 1051, 1052 (Utah 1984); *Utah Dep't of Admin. Servs. v. Pub. Serv. Comm'n,* 658 P.2d 601, 608 (Utah 1983).

## JURISDICTION

█ The sole issue before this court is whether the three-year statute of limitations was tolled, thus permitting Lyman to file his claim with the Commission seven years after the injury occurred, thereby giving the Commission jurisdiction to hear his claim. The Commission ruled that *Dean Evans Chrysler Plymouth v. Morse,* 692 P.2d 779 (Utah 1984), was controlling, and that since the employer had filed a first report of injury, together with subsequent medical reports, those actions tolled the three-year statute of limitations specified in section 35–1–99, even though the injury occurred in July 1981, and benefits were not claimed until 1988. Thus, it concluded that Lyman had complied with sections 35–1–99 and –100, giving the Commission jurisdiction to hear his claim.

In reviewing *Morse,* we note below a significant factual difference. Morse's employer filed its first report of injury on November 28, 1975. Over the next seventeen months, Morse's physician filed three medical reports with the Commission. The supreme court held that, "These filings gave to all interested parties notice of the facts upon which Morse's subsequent [January 20, 1983] claim would be based. Morse thereby complied with sections 35–1–99 and 35–1–100, and the Commission acquired jurisdiction." *Morse,* 692 P.2d at 782. Also, significantly, Morse was paid temporary total disability benefits by his employer's insurer through August 8, 1978.

In this present matter, petitioners do not assert inadequate or untimely notice, but rather argue that the additional wording in the 1981 amendment requires payment of compensation benefits or furnishing medical treatment by the employer before the period for filing a claim may be tolled. This issue was not raised in *Morse* because Morse had been paid compensation benefits, which was not the case here.

The 1981 amendment to section 35–1–99, effective May 12, 1981, is emphasized below:

If no notice of the accident and injury is given to the employer within one year from the date of the accident, the right to compensation shall be wholly barred. If no claim for compensation is filed with the industrial commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred; *provided, however, that the filing of a report or notice of accident or injury with the industrial commission, the employer or its insurance carrier, together with the payment of any compensation benefit or the furnishing of medical treatment by the employer or an insurance carrier, shall toll the period for filing such claim until the employer or its carrier notifies the industrial commission and employee, in writing, of its denial of liability or further liability, as the case may be, for the industrial accident or injury, with instructions upon said notification of denial to the employee to contact the industrial commission for further advice or assistance to preserve or protect the employee's rights; and provided further, that the said claim for compensation in any event must be filed within 8 years from the date of the accident.*

Utah Code Ann. § 35–1–99 (Supp.1981) (emphasis added).[1]

Petitioners assert that Lyman was required to file a claim with the Industrial Commission within three years from the date of his accident or the last date on which compensation was received. Petitioners further contend that the tolling provision in section 35–1–99 does not apply

---

1. Utah Code Ann. § 35–1–99 was repealed effective April 23, 1990. Utah Code Ann. § 35–1–98(2) (Supp.1990) now provides the statute of limitations for claims for compensation.

# 142

because no compensation or medical treatment was ever provided by the employer.

Lyman based his argument to the Commission on a series of Utah cases which construed the effect of informal notice on the pre–1981 statute. *See Mannes–Vale, Inc. v. Vale,* 717 P.2d 709 (Utah 1986); *Dean Evans Chrysler Plymouth v. Morse,* 692 P.2d 779 (Utah 1984); *Mecham v. Indus. Comm'n,* 692 P.2d 783 (Utah 1984); *Utah State Ins. Fund v. Dutson,* 646 P.2d 707 (Utah 1982); *Kennecott Corp. v. Indus. Comm'n,* 740 P.2d 305 (Utah Ct.App. 1987). The courts, under the pre–1981 statute, were willing to indulge "great liberality as to form and substance of an application for compensation." *Dutson,* 646 P.2d at 709 (quoting *Palle v. Indus. Comm'n,* 79 Utah 47, 7 P.2d 284 (1932)). In *Mannes–Vale, Morse, Mecham* and *Dutson,* the supreme court held that the employer's first report of injury, or analogous documents, and various medical reports filed with the Commission were sufficient to constitute a notice of a claim for compensation under section 35–1–99. In *Kennecott,* this court relaxed the boundaries of form and substance even further, finding a sufficient claim where the employer had notice of injury even though the Commission had no notice of the employee's claim. The court stated that, had Kennecott filed the required report of injury, the Commission would have had notice, and therefore the employer should not be allowed to rely on its own failure to file as a bar to an employee's claim. *Kennecott,* 740 P.2d at 309.

However, the 1981 amendment enhanced the guidelines for tolling the time to file a claim and for determining whether an informal notice of injury exception to the three-year statute of limitation exists. The purpose of notice of injury is, "First, to enable the employer to provide immediate medical diagnosis and treatment ... and second, to facilitate the earliest possible investigation of the facts surrounding the injury.... The purpose [of the compensation claim] is ... to protect the employer against claims too old to be successfully investigated and defended." 2B A. Larson, Workmen's Compensation Law § 78.10

(1988). Under the 1981 amendment, the statute clearly requires "the filing of a report or notice of accident or injury with the industrial commission, the employer or its insurance carrier, *together with* the payment of any compensation benefit *or* the furnishing of medical treatment by the employer *or* the insurance carrier" before the three-year period for filing a compensation claim will be tolled.

Lyman's initial accident occurred on July 22, 1981, thereby requiring the application of section 35–1–99 as amended in 1981, to the present case. Lyman gave notice of the injury to petitioners on or about September 17, 1981, thus complying with the one-year notice limitation. A claim for compensation, however, was not filed with the Commission until October 18, 1988, more than seven years after the initial accident. Petitioners denied liability after receiving notice of Lyman's injury, and refused to pay benefits. Lyman took no further action, nor did he give any further indication he was going to pursue the matter for over seven years, even though he had been explicitly advised by Liberty Mutual that he had to file his claim with the Commission within three years. Because petitioners had not paid any benefits, and no claim was asserted within the three-year period, the claim is barred. Thus, the statute of limitation was not tolled and Lyman's claim does not meet the statutory requirements of section 35–1–99.

## CONCLUSION

Because the 1981 amendment to section 35–1–99 is controlling in this case, we find the Commission did not have jurisdiction to hear Lyman's claim. Therefore, we reverse the Commission's Order.

BILLINGS and ORME, JJ., concur.