DENVER & RIO GRANDE WESTERN R. CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4842. Decided July 5, 1929. (279 P. 612).

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for plaintiff.

*George P. Parker,* Atty. Gen., and *M. Logan Rich,* Asst. Atty. Gen., for defendants.

ELIAS HANSEN, J.

This is a proceeding to review an award of compensation granted by the Industrial Commission of Utah to Emanuel Sterzer because of injuries sustained by him in the course of his employment with the Denver & Rio Grande Western Railroad Company. The same case has heretofore been before this court for review. *Denver & R. G. W. R. Co.* v. *Industrial Commission* (Utah) 272 P. 239.

In reviewing the former award, this court said:

"In view of the statute to which we have referred, we are compelled to hold that the theory upon which the commission fixed the compensation of the defendant Sterzer was contrary to law and not within the discretion of the commission. It follows, therefore, that the findings of fact do not support the award, and for that reason the award is annulled and set aside. We, however, do not hold that the evidence before the commission, including their own view of the injured member, was insufficient. That is a question for the commission to determine.

"The cause is therefore remanded to the commission for further proceedings within the limit of their jurisdiction."

After the cause was remanded to the commission, that body amended its findings of fact, so that the facts so found

would support the award. No notice was given to the Denver & Rio Grande Western Railroad Company of the commission's intention to amend the findings of fact, and no opportunity was given the railroad company to offer further evidence or to be further heard. The railroad company complains of such procedure of the commission, and contends that the commission was without authority to amend its findings and make an award without first giving it notice and an opportunity to be heard.

We are of the opinion that the railroad company is entitled to prevail in its contention. Notice and an opportunity to be heard are elementary requirements of due process of law when the rights of a party are to be affected by judicial proceeding. 12 C. J. §§ 997, 1006, 1009, pp. 1220, 1228, 1234; 2 Cooley's Const. Lim. (5th Ed.) p. 851; 6 R. C. L. § 433, p. 436. Our Workmen's Compensation Law, inferentially at least, provides that the commission shall give notice and an opportunity to be heard to all persons whose rights may be affected by its award. Laws Utah 1919, c. 63, § 3130x, p. 161. Indeed, if the Legislature should enact a law dispensing with notice and an opportunity to be heard to a party whose rights will be affected by an award of the commission, such law would be a nullity.

The effect of a reversal of a judgment is stated in 2 Freeman on Judgments (5th Ed.) § 1167, p. 2416, in the following language:

"The reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition. The judgment reversed becomes mere waste paper; and the parties to it are allowed to proceed in the court below to obtain a 'final determination of their right' in the same manner and to the same extent as if their cause had never been heard or decided by any court. Neither, in the subsequent prosecution of the cause, can suffer detriment or receive assistance from the former adjudication. An exception to this rule exists when a cause is remanded for further proceedings in accordance with the opinion of the court, and those proceedings do not involve a re-examination of all the issues disposed of by the original judgment."

Cases supporting the text are collected in a footnote.

When the Industrial Commission hears and determines an application for an award of compensation, it exercises quasi judicial functions. Its awards are in effect judgments. Laws of Utah 1919, c. 63 § 3130x. An annulment of an award has the same effect as a reversal of a judgment. When this court made its order on the former review of this case, the annulment was absolute and in no sense limited to any particular part of the award. When the case was remanded back to the Industrial Commission, the parties were entitled to appear before the commission to "obtain a 'final determination of their right' in the same manner and to the same extent as if their cause had never been heard or decided by any court."

From what has been said we do not wish to be understood as holding that the annulment of an award precludes the commission from considering the evidence theretofore received. On the contrary, when an award of compensation has been annulled, and the commission again considers the question of whether or not compensation should be allowed, the commission may, by reason of the provisions of Comp. Laws Utah 1917, § 3149, consider the evidence received at the hearing or hearings had before the award was annulled. If such evidence is to be considered the commission should make such fact known, and the parties should be given an opportunity to appear and re-examine or cross-examine any of the witnesses who may have testified. Unless such an opportunity is afforded the parties, it may well be that the facts applicable to the law announced in the order annulling the former award will not be before the commission.

The commission was without authority to proceed in the cause until the parties were notified and given an opportunity to present further evidence or be heard personally or by counsel.

THE AWARD IS ANNULLED, and the cause is again remanded to the commission for such further proceedings not inconsistent herewith as the commission may deem proper.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.