321 P.2d 644

Neal R. MORRIS, doing business as Martian Delivery Service, and Robert W. Watson, doing business as Bob Watson Moving, Plaintiffs,

v.

PUBLIC SERVICE COMMISSION et al.,

Defendants.

No. 8696.·

Supreme Court of Utah.

Feb. 13, 1958.

2. See 3 Am.Jur. 473.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellants.

E. R. Callister, Jr., Atty. Gen., Pugsley, Hayes & Rampton, Salt Lake City, for respondents.

McDONOUGH, Chief Justice.

This case is here on a writ issued to the Public Service Commission to review an order entered in Case No. 3106 cancelling Certificate of Convenience and Necessity No. 833 and an order entered in Case No. 4294 denying the application of Neal R. Morris, d/b/a Martian Delivery Service, for a Certificate of Convenience and Necessity to operate as a common motor carrier of household goods as defined by Interstate Commerce Commission 17–MCC–467, assuming the operating rights of Robert W. Watson, d/b/a Bob Watson Moving, under Certificate No. 833.

The record discloses that ·on May 24, 1948, in Case No. 3106, Certificate of Convenience and Necessity No. 833 was issued to Robert W. Watson, d/b/a Bob Watson Moving, after a hearing before the Public Service Commission, which authorized operations as a common carrier for the transportation of household goods and commodities in general, over irregular routes, within the Salt Lake area. Watson operated under Certificate No. 833 continuously until around December 3, 1955, when he noti-

fied the Commission by letter that his health was such that he was unable to continue his truck operations, and requested a temporary suspension. The Commission granted this request on December 13, 1955, with suspension until January 1, 1957. On June 12, 1956, Watson and Neal R. Morris entered into a written contract whereby Watson agreed to sell and assign to Morris all rights under Certificate No. 833, subject, however, to the approval of the Commission.

On August 14, 1956, Watson petitioned the Commission to lift his suspension, his testimony in the present hearing indicating the only purpose of such action was to clear the way for the sale to Morris of his interest. The Commission on September 5, 1956, set the suspension aside.

On June 14, 1956, in Case No. 4294, Morris applied to the Commission for issuance of a Certificate of Convenience and Necessity to operate as a common carrier and with the approval of the Commission he proposed to assume and perform the same operating authority as evidenced in Certificate No. 833, issued to Watson, which certificate, upon issuance of a new certificate, would be cancelled.

The Public Service Commission issued a notice of hearing in Case No. 4294, October 11, 1956, which stated in part as follows:

"This is an application by Neal R. Morris, dba Martian Delivery Service, for a certificate of convenience and necessity to operate as a common motor carrier of household goods as defined by Interstate Commerce Commission 17–MCC–467, to assume the operating rights of Robert W. Watson, an individual dba Bob Watson Moving, under Certificate of Convenience and Necessity No. 833, Case No. 3106."

The hearing was held on December 3, 1956, and subsequently thereto the Commission on March 11, 1957, entered its Findings of Fact and Conclusion of Law and determined that an order should be entered denying the application of Morris to assume Certificate No. 833, which Watson then held. No finding of fact was made by the Commission relative to the ability, financial or otherwise, of Morris to operate under the authority requested. At the same time the Commission cancelled Certificate of Convenience and Necessity No. 833, which Watson held. The Commission in the Findings of Fact stated:

"The evidence in this case discloses that the certificate of Watson was completely inactive for several months. There is no evidence that the public suffered from lack of carrier service during this period. The evidence clearly shows that the sole purpose of reactivating the Watson certificate was for the purpose of selling said certificate. * * * It is clear from the

170

evidence that Watson never intended to personally operate his certificate * * *."

The Commission declared in its conclusion:

"From what we have said above we conclude that the application herein should be denied and that a copy of this report should be filed in Case No. 3106, and that based on the findings herein there should be entered an order in Case No. 3106 cancelling Certificate of Convenience and Necessity No. 833."

The issues raised by plaintiffs' assignments of error are two: (1) Was the question of abandonment of Certificate of Convenience and Necessity No. 833 by Robert Watson before the Commission at this hearing, and (2) was there sufficient evidence before the Commission to support the Commission's denial of Neal R. Morris' application to assume Robert Watson's Certificate No. 833?

■ It is the procedure in transferring a certificate of convenience and necessity to have the old one cancelled and a new one issued. The old certificate is never itself transferred. Under this procedure cancellation normally is conditioned on re-issue of like authority under a new certificate. Also the question of public convenience or necessity is not questioned in

transfer cases since it is presumed such necessity was determined when the original certificate of convenience and necessity was issued.

Section 54–6–20, U.C.A.1953 provides:
"Revocation of permits and licenses. The commission may at any time for good cause, *and after notice and hearing,* suspend, alter, amend or revoke any certificate, permit or license issued by it hereunder." (Italics ours.)

Under the above statute in order to revoke a certificate of convenience and necessity the party holding such certificate must be given notice and a hearing before such certificate can be revoked.

■ The statute aside, it is axiomatic that the order of an administrative body issued without notice to affected individuals is violative of due process. Denver & Rio Grande Western Railway Co. v. Industrial Commission of Utah,[1] Fuller-Toponce Truck Co. v. Public Service Commission.[2]

■ In the instant case the notice given by the Commission provided only that an application of Neal R. Morris for a certificate of public convenience and necessity and to assume the operating rights of Robert Watson. would be entertained by the Commission. The issue of unqualified cancellation of the certificate which Watson held was not before the Commission. The

1. 1929, 74 Utah 316, 279 P. 612.

2. 1939, 99 Utah 28, 96 P.2d 722.

Commission has attempted to utilize the evidence in the hearing properly before it to order the cancellation in Case No. 3106, not properly before the Commission. This court in the case of Los Angeles and Salt Lake Railroad Co. v. Public Utilities Commission[3] stated, quoting in part from another decision:

"The commissioners cannot act on their own information. Their findings must be based on evidence presented in the case, with an opportunity to all parties to know of the evidence to be submitted or considered, to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal, and nothing can be treated as evidence which is not introduced as such."

If the Commission had intended to entertain the issue of unqualified cancellation, it should have notified Watson and informed him specifically of the grounds upon which cancellation was being sought. Section 54-6-20, supra, contemplates an entirely separate proceeding. True, Watson and his attorney were before the Commission, but such presence was not in relation to Watson's Certificate of Convenience and Necessity No. 833 being unqualifiedly cancelled. Watson and his attorney were not advised by the notice given that such action was contemplated and were only present to see if Morris was qualified to assume Watson's responsibilities under a new certificate of convenience and necessity. Watson's Certificate No. 833 was cancelled without proper proceedings and without due process of law.

In view of the above we hold that the Commission was acting without authority in cancelling Watson's certificate. Even though the evidence may be ample for cancellation, a question which we do not pass upon, the Commission was acting beyond its jurisdiction in this hearing. The hearing was on Morris' application and only affected Watson if Morris' application was to be granted.

The purpose in proceedings as the one at bar have been described in the case of Collett v. Public Service Commission.[4] There speaking of the cancellation and reissuance of a certificate of convenience and necessity to another party the court said:

" * * * that the principal question in such a problem as this is that of the financial status, fitness, willingness and ability of the proposed new certificate holder to carry on the business: that so far as the public is concerned, the public convenience and necessity would not be adversely affected by the change in certificate holders."

The Commission failed to make a finding as to the fitness of Morris, financially or otherwise, to assume Watson's certificate. There is no reference made to Morris as to

3. 1932, 81 Utah 286, 17 P.2d 287, 291.

4. 1949, 116 Utah 413, 211 P.2d 185, 187.

his qualifications, his equipment, willingness or the resulting effects to the public if the application were granted. In other words, the Commission has not indicated any reason for denying Morris' application because of Morris' position or shortcomings.

The Commission's denial of the Morris application was based solely on the conclusion that the Watson certificate should be cancelled—a matter not properly before it.

The Commission's orders are set aside and the case is remanded for action in conformity with this opinion.

CROCKETT, WADE, WORTHEN, and HENRIOD, JJ., concur.