UTAH STATE INSURANCE FUND and
Wholesale Cleaners, Plaintiffs,

v.

Lani DUTSON and the Industrial
Commission of Utah, Defendants.

No. 17787.

Supreme Court of Utah.

May 3, 1982.

James R. Black, Salt Lake City, for plaintiffs.

Wallace Lauchnor, Salt Lake City, for Dutson.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

HALL, Chief Justice:

Plaintiffs seek review of an order of the Industrial Commission which awarded an employee additional medical benefits attributable to an injury sustained some four years previously.

The facts are not in dispute. On March 17, 1976, while in the employ of plaintiff Wholesale Cleaners, defendant Dutson sustained a severe burn to her left hand. Surgery was performed by Dr. Arthur K. Benson and treatment continued through November 16, 1977. Dutson filed no formal claim for compensation with the Commission. However, upon preprinted forms furnished for the various purposes, the following documents were filed with the Commission: 1) on March 18, 1976, Wholesale Cleaners filed "Employer's First Report of Injury," setting forth all pertinent information pertaining to the injury; 2) on April 4, 1976, the attending physician, Dr. Benson, filed "Medical Report";[1] and 3) on April 14, 1976, plaintiff State Insurance Fund filed "Notice: Payment of Temporary Disability Compensation as per Utah Code (35–1–65)," indicating therein that compensation would continue. State Insurance Fund, as Wholesale Cleaner's insurer, paid full compensation benefits, including medical expenses. The last payment of weekly compensation was April 8, 1977, and the last payment of medical expenses was April 22, 1977.

In July, 1980, it was medically determined that further surgery was required to alleviate the "webbing" or scar tissue that had built up between Dutson's fingers as a result of the burn. She then sought compensation to cover the expense of the anticipated surgery, but was advised that her claim for benefits had expired the preced-

ing April. On July 23, 1980, she filed with the Commission a request for a hearing on her claim. Following a hearing before an administrative law judge, her claim was denied as being untimely, not having been filed within three years of the date of the accident or of the date of last payment of compensation.[2] On its review, the Commission set aside the ruling of the administrative law judge and granted Dutson's claim for additional medical benefits, citing *Kennecott Copper Corp. v. Industrial Commission*[3] in support of its decision.

On this review, plaintiffs renew their contentions previously advanced to the Commission: 1) that the term "compensation" includes the payment of medical benefits; and 2) that all compensation, including the payment of medical benefits, is barred when there is no filing to invoke the jurisdiction of the Commission.

In *Kennecott Copper*, an employee of Kennecott suffered a writs injury in March, 1974. Kennecott voluntarily paid for medical services, and not until May, 1977, did the employee file a claim for loss of wages. The Commission ruled that payment for medical care may extend the time within which a claim for loss of wages may be filed. This Court reversed, holding that the payment of medical benefits was not the payment of "compensation" within the meaning of the Workmen's Compensation Act, and that the voluntary payment of medical benefits did not toll the three-year statute as to compensation in lieu of wages. In rejecting the contention that the payment of medical expenses should be considered as payment of compensation within the meaning of the Act, the Court explained the distinction to be drawn between payment for loss of wages and payment of medical benefits as follows:

The reasons for making this distinction between compensation to be paid for loss of wages because of injury and disability, as contrasted to the payment for medical expenses in connection therewith, is that the law is firmly established that, once it

1. As required by U.C.A., 1953, 35–1–98.

2. As required by U.C.A., 1953, 35–1–99.

3. Utah, 597 P.2d 875 (1979).

is determined that there was an industrial accident, *there is no limitation as to the time during which the medicals must continue to be furnished.* [Emphasis added; footnote omitted.][4]

In the recent case of *Christensen v. Industrial Commission,*[5] the issue was again presented as to whether the term "compensation," within the meaning of the Workmen's Compensation Act, includes payments for medical expenses. We again concluded that it did not, and reaffirmed our decision in *Kennecott Copper.*

█ In support of their remaining contention that the Commission was without jurisdiction to make an award, plaintiffs cite portions of U.C.A., 1953, 35–1–99 and 35–1–100, which read respectively as follows:

If no claim for compensation is filed with the industrial commission *within three years from the date of the accident or the date of the last payment of compensation,* the right to compensation shall be wholly barred.

Whenever an employee sustains an accident arising out of or in the course of his employment *it shall be mandatory that the employee file with the commission in writing notice of such accident* with a copy to the employer; if such notice is so filed within three years of the time of the accident the Commission *shall obtain jurisdiction to make its award when the injury becomes apparent.* [Emphasis added.]

█ Notwithstanding the fact that the foregoing statutes require either the filing of a claim for compensation or the filing of a written notice of the accident in order to invoke the jurisdiction of the Commission, this Court has long recognized that a claim for compensation need not bear any particular formality.[6] In fact, "great liberality as to form and substance of an application for compensation is to be indulged."[7] How-

ever informal the claim may be, it need only give "notice to the parties and to the commission of the material facts on which the right asserted is to depend and against whom claim is made."[8]

In the instant case, the content of the several documents filed with the Commission reveal that all interested parties, the employer Wholesale Cleaners, the insurer State Insurance Fund, and the Commission were on notice of Dutson's claim and were duly apprised of the material, jurisdictional facts upon which the claim was based. Further, the documents filed confirm that: 1) Wholesale Cleaners and State Insurance Fund recognized liability; 2) compensation and medical benefits were paid; and 3) payments of compensation and medical benefits would continue. We therefore conclude that the form and substance of the documents filed with the Commission were adequate within the meaning, purpose and intent of the statutes, *supra,* to confer jurisdiction upon the Commission.

Affirmed.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

---

**4.** *Id.* at 877.

**5.** Utah, 642 P.2d 755 (1982).

**6.** *Utah Apex Mining Co. v. Industrial Commission,* 116 Utah 305, 209 P.2d 571 (1949).

**7.** *Palle v. Industrial Commission,* 79 Utah 47, 7 P.2d 284 (1932).

**8.** *Aetna Life Insurance Co. v. Industrial Commission,* 66 Utah 235, 241 P. 223 (1925).