**MANNES–VALE, INC. and/or State Insurance Fund, Plaintiffs,**

v.

**Robert K. VALE and/or the Industrial Commission of Utah, Defendants.**

**No. 20917.**

Supreme Court of Utah.

April 10, 1986.

---

James R. Black, Laurie A. Haynie, Salt Lake City, for plaintiffs.

Erie Boorman, Robert K. Vale, Salt Lake City, for defendants.

PER CURIAM:

Plaintiff employer and its insurer, State Insurance Fund, seek reversal of an Industrial Commission award to Robert Vale for additional medical expense benefits attributed to his injuries sustained in 1968. Plaintiffs claim that an award of further medical benefits is barred because no claim was ever timely filed.

The essential facts are not disputed. On June 3, 1968, employee Robert Vale was injured in an automobile accident while in the course of his employment. Although Vale did not file a formal claim with the Industrial Commission ("Commission"), notice of the injury and a claim for benefits were given by him to his employer, and plaintiffs paid Vale medical benefits and disability compensation from 1968 through August 1971.

On July 19, 1968, plaintiff State Insurance Fund filed with the Commission a "Notice: Payment of Temporary Disability Compensation as per Utah Code (35–1–65)." In addition to showing the amounts being paid to Vale, the notice indicated that the future disposition of Vale's claim was held "pending medical reports." We presume that the employer also filed its report of injury with the Commission as required by U.C.A., 1953, § 35–1–97 (Repl.Vol.1974).[1] Because of the antiquity of the record, it is uncertain what other documents may have been initially filed by plaintiffs with the Industrial Commission,[2] but it is clear that at that time plaintiffs and the Commission

---

1. An employer's failure to file a report of an employee's accident and injury, as required by section 35–1–97, may not provide a defense to a later claim on the ground that the claim was not timely filed. *State Ins. Fund v. Perkes,* Utah, 672 P.2d 101 (1983).

2. U.C.A., 1953, § 35–1–78 (Supp.1985). All statutory citations herein are to U.C.A., 1953 (Supp. 1985).

had notice of Vale's claim and the material facts upon which his claim depended.[3]

As noted, plaintiffs paid to Vale medical payments of over $5,600 and temporary total disability payments of $1,168.40 from 1968 through August 1971. A further medical payment of $675 was made in September 1975 for continuing medical treatment. Results of a medical examination were filed with plaintiff Insurance Fund and the Commission in February 1974. Plaintiff Insurance Fund advised Vale that it required additional medical reports in order to properly evaluate a complete settlement of his claim. When the delayed medical information was finally received in November 1975, plaintiffs denied any liability for further benefits, claiming that Vale had not filed a formal claim with the Industrial Commission within three years as required by section 35–1–99.

As a result of the employer's denial, Vale filed a formal claim with the Industrial Commission in May 1976. Plaintiffs promptly asserted their defense that the Commission lacked jurisdiction because the 1976 claim had not been timely filed.[4] In 1977, the Commission concluded that under section 35–1–99, Vale's 1976 claim had not been filed within the statutory three-year period and that the Commission had no jurisdiction to make any further award of compensation or medical benefits. Vale did not appeal that decision.

After our decision in *Christensen v. Industrial Commission*,[5] wherein we held that an employer's obligation to pay medical benefits is not restricted by the three-year limitation period of section 35–1–99, Vale again petitioned the Commission to award him further medical benefits for treatments resulting from his initial injury but incurred subsequent to the 1976 determination. Plaintiffs objected on the grounds that the Commission had no jurisdiction and its prior decision was final and binding on the employee. The Commission held that its prior decision, which denied additional benefits through 1976, was not reviewable but that Vale was entitled to payment of his continuing medical expenses under our decisions in *Kennecott Copper Co. v. Industrial Commission* and *Christensen v. Industrial Commission*. Plaintiffs appeal that award of continuing medical expenses incurred after 1976.

This case is controlled by our decisions in *Christensen v. Industrial Commission, Utah State Insurance Fund v. Dutson*, Utah, 646 P.2d 707 (1982), and *Mecham v. Industrial Commission*, Utah, 692 P.2d 783 (1984), and we affirm the award of the Commission below. This Court has long recognized that a valid claim filed with the Industrial Commission for the purpose of invoking its jurisdiction need not bear particular formality. Great liberality as to form and substance is to be indulged.[6]

In *Utah State Insurance Fund v. Dutson*, we held that notice sufficient to invoke the original jurisdiction of the Commission was given when the employer filed a statutory report of injury, the notice of payment of compensation, and a medical report. Similar documents were initially filed in the instant matter, and as we noted, it is clear that at the time of Vale's injury in 1968 "all interested parties ... were on notice of the employee's claim and were duly apprised of the material, jurisdictional facts upon which the claim was based." 646 P.2d at 709. In the instant case, plaintiffs paid compensation to Vale from 1968 to 1971 and medical benefits until 1975 without any

---

**3.** *See Aetna Life Ins. Co. v. Industrial Comm'n*, 66 Utah 235, 241 P. 223 (1925).

**4.** Plaintiffs also asserted that the accident was not compensable, but later conceded that after three years of paying benefits they had no facts to support this denial and only intended to require the employee to prove a compensable injury.

**5.** Utah, 642 P.2d 755 (1982). We held that "once it is determined that there was an industrial accident, there is no limitation as to the time during which the medicals must be furnished." *Id.* at 756, *quoting Kennecott Copper Corp. v. Industrial Comm'n*, Utah, 597 P.2d 875, 877 (1979).

**6.** *Mecham v. Industrial Comm'n*, Utah, 692 P.2d 783 (1984); *Utah Apex Mining Co. v. Industrial Comm'n*, 116 Utah 305, 209 P.2d 571 (1949).

dispute as to liability. The failure of plaintiffs to dispute their statutory liability would certainly have led a reasonable person to assume that no formal adversary action would be necessary to protect his rights.[7] 3 Larson, *Workmen's Compensation* § 78.43(m), at 15–293 (1981).

While sections 35–1–99 and –100 are designed to create jurisdiction in the Commission, formality is not required as long as notice of the injury and claim is given to the *employer* and the Commission. *Mecham v. Industrial Commission,* 692 P.2d at 785; *Dean Evans Chrysler Plymouth v. Morse,* Utah, 692 P.2d 779 (1984). Adequate notice of Vale's injury and claim and of plaintiffs' liability was afforded in this case for the purpose of initially invoking the jurisdiction and authority of the Industrial Commission. Consequently, under *Christensen v. Industrial Commission* and *Kennecott Copper Corp. v. Industrial Commission,* Vale may recover all subsequent medical expenses arising out of the initial injury. The Commission is entitled to make such subsequent award of medical benefits or amend its prior actions as it may find equitable under the facts of this case. § 35–1–78.

The doctrine of *res judicata,* argued by plaintiffs, does not bar the award for continuing medical expenses in this case. Before *res judicata* can apply, the subsequent action asserted must involve the *same* claim or cause of action previously concluded. *Searle Brothers v. Searle,* Utah, 588 P.2d 689, 690 (1978). Vale's 1975 claim, denied by the Commission, was for compensation and benefits from 1971 through 1976. In making the instant

award, the Industrial Commission properly declined to reconsider that claim. Instead, its award to Vale was only for medical benefits incurred after 1976. No issue is raised as to benefits for any previous period of time.

Nor is the award barred by collateral estoppel.[8] *Robertson v. Campbell,* Utah, 674 P.2d 1226, 1230 (1983). The 1977 decision of the Industrial Commission concluded that Vale's 1975 claim was not timely filed. Because the present award is based upon the continuing jurisdiction initially acquired by the Commission in 1968 and upon our subsequent decisions, the issues determined in the present award are not the same as those determined in the Commission's prior adjudication.[9]

The order of the Industrial Commission is affirmed.

---

**7.** In order to avoid disputes similar to the instant case, our section 35–1–99 was later amended to require the employer to give formal notice to the employee and the Commission of its cessation of voluntary payments and to specifically advise the employee that he must pursue any further benefits by filing a claim with the Commission. *Cf.* 3 Larson, *Workmen's Compensation* §§ 77A.32, 78.43(a) (1981).

**8.** Plaintiffs' brief argues the general doctrine of *res judicata* without making any distinction between the elements of *res judicata* and collateral estoppel. The applicability of collateral estop-

pel does not depend on whether the claims asserted are identical, but, in part, on whether the factual issue litigated and determined in the initial action is the same factual issue as that subsequently raised in the later claim. *See Schaer v. State,* Utah, 657 P.2d 1337, 1340 (1983).

**9.** *See Rhoades v. Wright,* Utah, 552 P.2d 131, 133 (1976), wherein we held that a change in a governing statute or rule of court deprives a judgment based on a former statute or rule of its conclusiveness.