TRAYLOR BROTHERS, INCORPORAT-
ED/FRUNIN–COLNON and Commer-
cial Union Insurance Companies,
Plaintiffs,

v.

Darrell W. OVERTON and, The
Industrial Commission of Utah,
Defendants.

No. 860241–CA.

Court of Appeals of Utah.

May 12, 1987.

Henry K. Chai, II, Larry R. Laycock, Snow, Christensen & Martineau, Salt Lake City, for plaintiffs.

Susan B. Diana, Black & Moore, Salt Lake City, for defendants.

Darrell W. Overton, pro se.

Before GARFF, JACKSON and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

Plaintiffs Traylor Brothers, Inc. ("the employer") and its insurance carrier, Commercial Union Insurance Companies, seek review of the Industrial Commission's order that employee Darrell Overton's ("Overton's") temporary total disability compensation benefits should not have been reduced 15 percent under Utah Code Ann. § 35–1–14 (1974). We reverse in part and vacate and remand in part.

On August 16, 1983, Overton sustained industrial injuries when he rolled a company vehicle while driving to work. In connection with the accident, Overton was cited for driving under the influence of alcohol.

The employer reduced Overton's temporary total disability compensation benefits 15 percent pursuant to Utah Code Ann. § 35–1–14 (1974) claiming Overton's intoxication caused the industrial accident. In June, 1984, ten months after the industrial accident, the employer proposed a compensation agreement which terminated Overton's temporary total disability benefits and commenced permanent partial disability benefits.

Overton as a result filed an Application for Hearing before the Industrial Commission claiming his temporary total disability benefits should not be terminated. In his application, Overton did not challenge the 15 percent reduction of his temporary total disability compensation. The employer's Answer to Overton's application affirmatively alleged any benefits awarded for the August 16, 1983 industrial accident must be reduced 15 percent because the accident was alcohol related.

On numerous occasions prior to and during the administrative hearing, the administrative law judge requested the parties to identify the issues to be adjudicated. Neither party listed the 15 percent reduction. The administrative law judge, in her own lists of issues made before and during the administrative proceeding, never identified the 15 percent reduction as an issue. Moreover, the record reflects the parties agreed at the hearing that Overton was entitled to the maximum compensation less the 15 percent reduction. The administrative law judge addressed the propriety of the 15 percent reduction for the first time in her Findings of Fact and Conclusions of Law submitted after the hearing concluded. The administrative law judge found that Utah Code Ann. § 35–1–14 (1974) requires "willful" intoxication by the employee. The judge further found that the employer failed to establish the requisite causal relationship between Overton's industrial injuries and his intoxication. Therefore, the administrative law judge concluded that the employer had wrongfully reduced Overton's compensation.

The employer filed a petition for review with the Industrial Commission. The petition was denied without opportunity for further hearing and the findings and conclusions of the administrative law judge affirmed. The employer then filed a writ of review with this Court.

Two issues are presented on appeal. First, are the parties entitled to notice of the issues that will be adjudicated in Industrial Commission proceedings before an administrative law judge, and if so, did the employer receive fair notice that the 15 percent reduction was at issue in this case? Second, does Utah Code Ann. § 35–1–14 (1974) require "willful" intoxication by the employee before compensation can be reduced 15 percent?

### I.

In this case the employer contends that it never had notice that the 15 percent reduction of Overton's compensation was at issue. The "notice" issue presents a

question of general law and we therefore review it under a correction-of-error standard. *Utah Dep't of Admin. Servs. v. Pub. Serv. Comm'n.*, 658 P.2d 601, 608 (Utah 1983).

■ Interested parties are entitled to notice of proceedings and an opportunity to present testimony and cross-examine witnesses at hearings before the Industrial Commission or its designated administrative law judge. Utah Code Ann. § 35–1–82.51 (1974). It is fundamental that pleadings in administrative proceedings should fairly notify the interested parties of the issues to be decided. *See Grindstone Butte Mut. Canal Co. v. Idaho Power Co.*, 98 Idaho 860, 865, 574 P.2d 902, 907 (1978) (appurtenant to the right to notice in administrative proceedings is the right to be fairly notified of the issues to be considered); *Board of Trustees of Billings School District No. 2 of Yellowstone County v. State Bd. of Personnel Appeals*, 185 Mont. 104, 107, 604 P.2d 778, 780 (1979) (the importance of pleadings in administrative proceedings lies in the notice they impart to affected parties of the issues to be litigated at the hearing); *White v. Bd. of Trustees of Western Wyo. Community College District*, 648 P.2d 528, 536 (Wyo.1982) (quoting *Glen v. Bd. of County Comm'rs., Sheridan County*, 440 P.2d 1, 4 (Wyo.1968) (wherein the court noted that the important question in administrative proceedings is whether the parties had fair notice of the issues involved).

■ Moreover, orders of administrative agencies issued without notice to affected individuals violate due process. *Wagner v. Salt Lake City*, 29 Utah 2d 42, 50, 504 P.2d 1007, 1013 (1972) (citing *Morris v. Pub. Serv. Comm'n.*, 7 Utah 2d 157, 170, 321 P.2d 644, 646 (1958)); *Denver & Rio Grande Western R. Co. v. Indus. Comm'n of Utah*, 74 Utah 316, 319, 279 P. 612, 612 (1929). In order to afford parties due process, the hearing must be prefaced by timely notice which adequately informs the parties of the specific issues they must be prepared to meet. *Nelson v. Jacobsen*,

669 P.2d 1207, 1213 (Utah 1983) (quoting *State v. Gibbs*, 94 Idaho 908, 914, 500 P.2d 209, 215 (1972)).

In *Morris v. Public Service Commission*, the Utah Supreme Court found that since the notice given by the Public Service Commission dealt only with the issue of whether Morris could assume the operating rights of Watson, the Commission could not cancel the operating rights held by Watson as that issue was not before the Commission. The court in finding that the Commission was acting without authority states:

> [The Commission's] findings must be based on evidence presented in the case, with an opportunity to all parties to know of the evidence to be submitted or considered, to cross-examine witnesses, ... to offer evidence in explanation or rebuttal....
>
> . . . .
>
> If the commission had intended to entertain the issue of unqualified cancellation, it should have notified Watson and informed him specifically of the grounds upon which cancellation was being sought.

*Morris*, 7 Utah 2d at 171, 321 P.2d at 646 (quoting in part from *Los Angeles and Salt Lake R.R. Co. v. Pub. Utils. Comm'n*, 81 Utah 286, 17 P.2d 287 (1932)).

In this case, the employer received notice that a hearing would be held on the termination of Overton's temporary total disability and medical expenses, and the requisite contribution, if any, from the Second Injury Fund. The employer was never given notice that it must defend its reduction of Overton's compensation.

We acknowledge that the employer, through its attorney, was present at the administrative hearing. However, such presence was to establish the propriety of terminating Overton's temporary total disability and medical expenses. The employer was not present to establish the propriety of the 15 percent reduction.[1]

---

1. Overton claims that the administrative law judge heard testimony as to his intoxication.

However, a review of the record indicates his intoxication was discussed only as background

■ Our conclusion that the employer received inadequate notice that the 15 percent reduction was at issue is compelled by a review of the evidence the employer did not introduce at the hearing.[2] For example, the employer did not introduce the police report made moments after Overton's accident. This report claims that Overton, while driving under the influence of alcohol, was traveling 88 miles per hour on wet roads when he lost control of his vehicle, crossed the center line, and rolled the vehicle on the opposite shoulder of the road. The employer also did not introduce Overton's September 8, 1983 handwritten statement in which Overton acknowledged paying the $300.00 bond for his DUI citation because he expected to be convicted of this offense. Had this evidence been introduced at the hearing, the administrative law judge *may* well have concluded that Overton's industrial injuries were caused by his intoxication.

Overton contends he was not required to give notice that he objected to the 15 percent reduction because intoxication is an affirmative defense which must be plead and proved by the employer. The burden of proof of intoxication, and the requisite causal connection between the intoxication and industrial injuries, is on the employer. 1A Larson, *Larson's Workmen's Compensation Law* § 34.31 (1985). However, the employer in this case affirmatively alleged in its Answer that any benefits awarded for the August 16, 1983 industrial accident must be subject to a 15 percent penalty pursuant to Utah Code Ann. § 35–1–14 (1974). Neither in his Application for Hearing in identifying disputed issues before the hearing, nor at any time during the hearing did Overton or the administrative law judge challenge this affirmative defense.

The record of the hearing in fact reflects agreement that Overton's compensation should be reduced 15 percent because the accident was alcohol related:

Mr. Chai [the employer's counsel]: Excuse me. I don't know that we have any dispute with what the proper rate would be. I think it would be the maximum, less 15 percent, that we have been paying for the alcohol-related accident.

Ms. Diana [Overton's counsel]: Thank you. Just to make it clear, because there was a little bit of an error on the Application for Hearing.[3]

■ Overton's assurances that the 15 percent reduction was not an issue led the employer, in reasonable reliance thereon, to fail to present evidence establishing the appropriateness of the reduction. To permit Overton to renounce his actions would deprive the employer of an opportunity to present evidence on this essential issue and would be patently unjust. *See Blackhurst v. Transamerica Ins. Co.,* 699 P.2d 688, 691 (Utah 1985). Overton had a duty to clarify that he did not agree to the 15 percent reduction and therefore his silence is culpable. *See First Inv. Co. v. Andersen,* 621 P.2d 683, 687 (Utah 1980). He is therefore estopped from claiming that the 15 percent reduction was at issue because the employer, in reliance on Overton's conduct, changed its position to its detriment. *See Arrowhead Const. Co. v. Essex Corp.,* 233 Kan. 241, 247–48, 662 P.2d 1195, 1201 (1983); *see also Succession of Edward F. Turner,* 235 La. 206, 210, 103 So.2d 91, 93 (1958).

By way of summary, we hold that in proceedings before an administrative law judge designated by the Industrial Commission, a party is entitled to adequate notice of the issues he will be called upon to meet. The administrative pleadings and subsequent communications between the parties and the administrative law judge failed to

---

and consists of 'less than one page of a more than 70 page transcript.

2. The evidence the employer did not introduce at the administrative hearing was attached to the employer's petition for review of the administrative law judge's determination before the Industrial Commission.

3. The error on Overton's Application for Hearing was the amount of his wages at the time of the industrial accident. On his application, Overton stated he earned $6.84 per hour. However, Overton earned $684.00 per week.

give the employer fair notice that the 15 percent reduction was at issue in this case. Rather, the employer reasonably believed that Overton had agreed to the reduction and that this agreed reduction had been approved by the administrative law judge. This failure requires that we afford the employer an opportunity to present evidence on the propriety of the 15 percent reduction. Accordingly, we vacate that portion of the Commission's judgment holding that the 15 percent reduction of Overton's compensation was improper. We remand the case to the Industrial Commission to afford the parties an opportunity to litigate the causal relationship between Overton's industrial injuries and his intoxication as required under Utah Code Ann. § 35–1–14 (1974).

## II.

When remanding a case for a new proceeding, R.Utah Ct.App. 30(a) allows us to "pass upon and determine all questions of law . . . presented on appeal and necessary to the final determination of the case." *Murray City v. Hall*, 663 P.2d 1314, 1321 (Utah 1983) (interpreting Utah R.Civ.P. 76(a), similar to R.Utah Ct.App. 30(a)). We therefore address the employer's second argument that Utah Code Ann. § 35–1–14 (1974) does not require "willful" intoxication by the employee.

In reviewing this question of special law, we must determine whether the Industrial Commission's decision that Utah Code Ann. § 35–1–14 (1974) requires "willful" intoxication falls within the limits of reasonableness or rationality. *Utah Dep't of Admin. Servs. v. Pub. Serv. Comm'n.*, 658 P.2d 601, 610 (Utah 1983). We give considerable weight to the Industrial Commission's construction of Utah Code Ann. § 35–1–14 (1974) and correct its interpretation only if it clearly appears that the statute has been misconstrued. *McPhie v. Indus. Comm'n.*, 567 P.2d 153, 155 (Utah 1977).

Utah Code Ann. § 35–1–14 (1974) provides:

> Where injury is caused by the willful failure of the employee to use safety devices where provided by the employer,

or from the employee's willful failure to obey any order or reasonable rule adopted by the employer for the safety of the employee, or from the intoxication of the employee, compensation provided for herein shall be reduced fifteen per cent, except in case of injury resulting in death.

A statute should be applied according to its literal wording. *West Jordan v. Morrison*, 656 P.2d 445, 446 (Utah 1982). In interpreting this section we assume that each term is used advisedly and that the intent of the legislature is revealed in the use of the term in the context and structure in which it is placed. *Ward v. Richfield City*, 716 P.2d 265, 266 (Utah 1984). Consequently, omissions should be noted and given effect. *Kennecott Copper Corp. v. Anderson*, 30 Utah 2d 102, 105, 514 P.2d 217, 219 (1973).

 The administrative law judge inferred that intoxication must be willful because the statute requires "willful failure to use safety devices" and "willful failure to follow safety rules." Utah Code Ann. § 35–1–14 (1974). The word "willful," however, is conspicuously absent from the intoxication provision. Under ordinary principles of statutory construction, we must assume that the legislature advisedly omitted the word "willful" and that the statute evidences the legislature's intent that the employee need only be intoxicated in order to reduce his compensation.

Although our conclusion is based upon a plain reading of Utah Code Ann. § 35–1–14 (1974), it is also consistent with the legislative objective. *Andrus v. Allred*, 17 Utah 2d 106, 109, 404 P.2d 972, 974 (1965). It is reasonable to assume that the legislature intended to condemn all intoxication in the work place. Our holding is consistent with this purpose.

The Utah Supreme Court previously applied Utah Code Ann. § 35–1–14 (1974) in *Lopez v. Kaiser Steel Corp.*, 660 P.2d 250 (Utah 1983) (per curiam), holding that there must be a causal relationship between the industrial accident and the employee's intoxication. *Id.* at 251. The court, in its discussion of this provision, although not

directly confronted with the issue, did not find, mention, or infer that Utah Code Ann. § 35–1–14 (1974) requires "willful" intoxication. Neither do we.

We hold that Utah Code Ann. § 35–1–14 (1974) does not require "willful" intoxication by the employee and therefore reverse the portion of the Industrial Commission's order so holding because it falls outside the limits of reasonableness and rationality.

Reversed in part, and vacated and remanded in part.

GARFF and JACKSON, JJ., concur.