**KENNECOTT CORPORATION, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH and Russell B. Davis, Defendants.**

No. 860228–CA.

Court of Appeals of Utah.

Aug. 5, 1987.

James M. Elegante, Hal J. Pos, Parsons, Behle & Latimer, Salt Lake City, for plaintiff.

Russell B. Davis, Lake Havasu City, Ariz., David L. Wilkinson, State Atty. Gen., Ralph Finlayson, Asst. Atty. Gen., Erie V. Boorman, Administrator, Second Injury Fund, Salt Lake City, for defendants.

Before GREENWOOD, ORME and BILLINGS, JJ.

GREENWOOD, Judge:

Plaintiff, Kennecott Corporation (Kennecott), appeals from the Industrial Commission's Order finding Kennecott responsible for injuries Russell B. Davis sustained in 1969, 1976 and 1984. Kennecott claims that: 1) the Industrial Commission (Commission) lacked jurisdiction to award Mr. Davis compensation for his 1969 and 1976 injuries due to his failure to file the requisite claims for compensation; 2) Kennecott should not be responsible for Mr. Davis' medical expenses resulting from the 1969 injury; and 3) Kennecott's due process rights were violated when the administrative law judge, without giving any advance notice, considered Mr. Davis' 1969 and 1976 injuries. We find that the Commission had jurisdiction to award Mr. Davis compensation for his 1969 and 1976 injuries but that the Commission violated Kennecott's due process rights by considering those injuries without giving Kennecott proper notice. We therefore reverse and remand for further proceedings on the 1969 and 1976 injuries, including a determination of whether

Kennecott is responsible for medical expenses stemming from the 1969 injury.

In 1969, while working for Kennecott, Mr. Davis was struck on the back of the neck by a 300 pound "I" beam. He was taken to Kennecott's dispensary, spent the night and was x-rayed the next morning by the company's physician. The physician advised Mr. Davis that the X-rays were normal, and Mr. Davis returned to work. On the day of the accident, Kennecott's physician prepared a medical report of injury. Several days later Kennecott's safety engineer prepared a report of the accident. After Mr. Davis returned to work, he was still experiencing some pain. At the suggestion of co-employees, he contacted the union doctor whose treatment would be covered by insurance. He received osteopathic treatment from the union doctor three to four times weekly for four or five years until the doctor passed away. He was subsequently treated by various other doctors through January 30, 1984.

On October 8, 1976, while employed by Kennecott, Mr. Davis complained of leg numbness and lower back pain resulting from welding in an awkward position. He was x-rayed at Kennecott's hospital and Kennecott's physician prepared a medical report of the injury.

In 1969 and 1976, Kennecott prepared a medical report of the injury but did not file a report of the injury with the Commission as required by Utah Code Ann. § 35-1-97 (1967), nor a medical report as required by Utah Code Ann. § 35-1-98 (1974). Mr. Davis likewise did not file a claim for compensation or notice of injury with the Commission as required by Utah Code Ann. § 35-1-100 (1974).[1]

On September 28, 1984, while working for Kennecott, Mr. Davis injured his lower back while standing on a ladder loosening a rusted bolt. At the direction of Kennecott's physician, Mr. Davis was relieved from work and referred to physical therapy. On November 17, 1984 Mr. Davis received surgery to excise a disc in his back. The administrative law judge found that this surgery was necessitated by residuals from the 1969 neck injury.

In April, 1985 Kennecott placed Mr. Davis on permanent and total disability retirement. Mr. Davis then filed a claim with the Commission in August, 1985 requesting compensation for the 1984 injury. A hearing was scheduled before an administrative law judge to consider the claim for the 1984 injury. During the hearing, evidence was presented regarding the two prior injuries Mr. Davis had sustained while working for Kennecott. Kennecott was given no advance notice that those injuries would be considered. After the hearing, the medical questions were referred to a medical panel which found that Mr. Davis had sustained a 10% permanent partial impairment relating to his 1969 injury, a 5% permanent partial impairment relating to his 1976 injury and a 15% permanent partial impairment relating to his 1984 injury. Mr. Davis' total impairment was found to be 44%, 30% of which was due to industrial injuries sustained during his employment at Kennecott and 14% due to preexisting conditions. The administrative law judge found Kennecott responsible for the percentage of Mr. Davis' impairment caused by all three injuries and for Mr. Davis' medical expenses relating to the 1969 injury. The Commission subsequently upheld the administrative law judge's decision.

Because the issues involved in this case are questions of law, this Court will use a correction-of-error standard in reviewing this appeal from the Commission. Under that standard this Court will, when necessary, correct errors of law and will not defer to the Commission's expertise. *Dean Evans Chrysler-Plymouth v. Morse*, 692 P.2d 779, 782 (Utah 1984); *State Tax Comm'n v. Indus. Comm'n*, 685 P.2d 1051, 1052 (Utah 1984); *Utah Dep't of Admin. Servs. v. Pub. Serv. Comm'n*, 658 P.2d 601, 608 (Utah 1983).

I

First, we must determine whether the Commission had jurisdiction to consider Mr.

---

1. Utah Code Ann. §§ 35-1-98 and 35-1-100 were not changed from 1969 to 1976.

Davis' 1969 and 1976 injuries.[2] Kennecott asserts that Mr. Davis' failure to file a claim for compensation pursuant to Utah Code Ann. § 35–1–99 (1966) precludes the Commission from awarding benefits to Mr. Davis. We disagree.

In worker's compensation cases, rights and liabilities are determined as of the date the injury occurred. *Moore v. American Coal Co.*, 737 P.2d 989 (1987); *Rex E. Lantham Co. v. Indus. Comm'n*, 717 P.2d 255, 256 n. 1 (Utah 1986); *Kaiser Steel Corp. v. Indus. Comm'n*, 709 P.2d 1168, 1171 n. 1 (Utah 1985). Later statutes or amendments may not be applied retroactively to deprive a party of rights or impose greater liability unless the later statute or amendment clarifies or amplifies how the earlier law should have been understood. *Okland Construction Co. v. Indus. Comm'n*, 520 P.2d 208, 210 (Utah 1974).

In 1969 and 1976, the dates of the injuries at issue in this case, part of section 35–1–99 stated "If no notice of the accident and injury is given to the employer within one year from the date of the accident, the right to compensation shall be wholly barred. If no claim for compensation is filed with the industrial commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred."[3] This version of the statute is controlling in this case, as later amendments were substantive. However, it should be noted that the 1981 amendment substantially codified the result reached in this opinion.

The Utah Supreme Court has interpreted the former version of section 35–1–99 in several recent cases. In *Utah State Insur-*

ance Fund v. Dutson, 646 P.2d 707 (Utah 1982), the Court held that the last sentence of section 35–1–99 must be read in connection with Utah Code Ann. § 35–1–100 which requires the employee to file with the Commission in writing, notice of the accident, with a copy to the employer. If the notice required by section 35–1–99 is filed within three years of the time of the accident, the Commission obtains jurisdiction to make an award when the injury becomes apparent. The *Dutson* Court recognized the long-standing policy that the employee's claim for compensation need not be in any particular form. The Court stated:

[n]otwithstanding the fact that the foregoing statutes require either the filing of a claim for compensation or the filing of a written notice of the accident in order to invoke the jurisdiction of the Commission, this Court has long recognized that a claim for compensation need not bear any particular formality. (footnote omitted) In fact, "great liberality as to form and substance of an application for compensation is to be indulged." (footnote omitted) (quoting *Palle v. Indus. Comm'n.*, 79 Utah 47, 52, 7 P.2d 284, 286 (1932)). However informal the claim may be, it need only give "notice to the parties and to the commission of the material facts on which the right asserted is to depend and against whom claim is made." (footnote omitted) (quoting *Aetna Life Ins. Co. v. Indus. Comm'n*, 66 Utah 235, 243, 241 P. 223, 227 (1925)).

*Dutson*, 646 P.2d at 709.

In *Dutson*, the employee filed for additional medical benefits more than three years after the date of the accident and

**2.** Kennecott concedes responsibility for the portion of the award attributed to Mr. Davis' 1984 injury.

**3.** In 1981, the legislature added the following provisions to the third sentence of section 35–1–99:

provided, however, that the filing of a report or notice of accident or injury with the industrial commission, the employer or its insurance carrier, together with the payment of any compensation benefit or the furnishing of medical treatment by the employer or an insurance carrier, shall toll the period for filing

such claim until the employer or its carrier notifies the industrial commission and employee, in writing, of its denial of liability or further liability, as the case may be, for the industrial accident or injury, with instructions upon said notification of denial to the employee to contact the industrial commission for further advice or assistance to preserve or protect the employee's rights; and provided further, that the said claim for compensation in any event must be filed within 8 years from the date of the accident.

after the date of the last payment of compensation from her employer. The Court held that the Commission had jurisdiction and all interested parties had been notified because the employer, the employer's physician and the employer's insurer had filed various documents with the Commission within the three year period. *Dutson*, 646 P.2d at 782.

Two years after *Dutson*, section 35–1–99 was again examined in *Dean Evans Chrysler Plymouth v. Morse*, 692 P.2d 779 (Utah 1984) and *Meacham v. Industrial Commission*, 692 P.2d 783 (Utah 1984). In *Morse*, the Court held notice sufficient where the employee notified the employer of the injury the day it occurred, the employer filed notice of the accident with the Commission and the employee's physician sent medical reports to the Commission. *Morse*, 692 P.2d at 782. In *Meacham*, the Court found that the "employer's first report of injury, first surgical report, and application for medical examination constituted notice of claim to the Industrial Commission." *Meacham*, 692 P.2d at 785.

Finally, in *Mannes-Vale, Inc. v. Vale*, 717 P.2d 709, 712 (Utah 1986), the Utah Supreme Court held that when the applicant gives his employer notice of the injury and a claim for benefits and where the employer paid the applicant's medical benefits and disability compensation for three years after the accident, the employer and the Commission had notice of the applicant's claim for purposes of section 35–1–99.

In *Mannes-Vale*, the applicant was injured in 1968 and his employer paid his medical benefits and disability compensation from 1968 through 1971. The employer also paid medical benefits until 1975. In 1968, the State Insurance Fund filed a notice of temporary disability payments indicating the amounts being paid to Vale and that the future disposition of the claim was held in abeyance pending medical reports. The Court assumed that the employer also filed its report of injury with the Commission as section 35–1–97 requires, noting that it was uncertain what documents might have been filed, but stated in a foot-note that under *State Insurance Fund v. Perkes*, 672 P.2d 101 (Utah 1983) the employer's failure to file the required report could not be asserted as a defense to a later claim on the ground that the claim was not timely filed. *Mannes-Vale*, 717 P.2d at 710 n. 1. Vale did not file a formal claim with the Commission until May, 1976. In holding the notice sufficient, the Court stated that since disability was paid from 1968 through 1971 and medical benefits were paid until 1975 without any dispute as to liability, a reasonable person could assume that no formal adversary action would be necessary to protect his rights. *Id.* at 711–12.

Applying section 35–1–99 and the cases interpreting that section to the facts of this case, we find that the Commission had jurisdiction to award Mr. Davis compensation for his 1969 and 1976 injuries. The necessary party who must receive notice is the employer. In *Dutson, Morse, Meacham* and *Mannes-Vale*, the Court found notice sufficient where the employer had notice of the injury even if the employee had not actually filed a claim for compensation with the Commission. Similarly, in this case the employee had not filed a claim for compensation with the Commission but the employer apparently had notice of the injury. Mr. Davis reported both injuries to his supervisor and was treated at the Kennecott dispensary on both occasions. In addition, Kennecott prepared medical reports for both injuries. The purpose of the notice requirement is two-fold: 1) to enable the employer to provide immediate medical diagnosis and treatment; and 2) to facilitate the earliest possible investigation of the facts surrounding the injury. *Morse*, 692 P.2d at 781. In this case Kennecott was able to provide medical diagnosis and treatment shortly after both accidents and was notified expeditiously to permit a prompt investigation of the facts.

If Kennecott had filed the required report of injury under section 35–1–97, the Commission would have been on notice. Kennecott's own failure to file a report of injury as clearly required by section 35–1–97 may not now be used as a defense to

Mr. Davis' claim on the ground that the claim was not timely filed. *Mannes-Vale,* 717 P.2d at 710 n. 1.

## II

■ Second, we will consider whether Kennecott is responsible for the medical expenses relating to the 1969 injury. In *Kennecott Copper Corp. v. Industrial Commission,* 597 P.2d 875 (Utah 1979), the Court stated that "once it is determined that there was an industrial accident, there is no limitation as to the time during which medicals must continue to be furnished." *Id.* at 877. In *Kennecott,* the Court held that the three year statute of limitations set forth in section 35–1–99 did not bar the recovery of medical expenses. Specifically, the Court found that "compensation" as used in the statute did not include medical expenses. In this case, Kennecott's liability for the medical expenses will depend on whether the Commission finds Kennecott liable for the 1969 injury.

## III

■ Finally, we must decide if Kennecott's due process rights were violated when the administrative law judge considered the 1969 and 1976 injuries without forewarning Kennecott that those injuries would be considered along with the 1984 injury.

Utah Code Ann. § 35–1–82.51 (1974)[4] provides that the Commission is required to give notice and a hearing to all parties whose rights may be affected by a compensation award:

Hearings shall be held by the commission upon reasonable notice to be given to each interested party.... All parties in interest shall have the right to be present at any hearing ... and to present such testimony as may be pertinent to the controversy before the commission and shall have the right to cross-examine.

In addition to the statutory due process requirement, the Utah Supreme Court and Court of Appeals have stated that an order of an administrative agency issued without sufficient notice violates due process rights guaranteed under the Utah and United States Constitutions. *Traylor Brothers, Inc., v. Overton,* 736 P.2d 1048, 1050 (Utah App.1987); *Morris v. Public Serv. Comm'n,* 7 Utah 2d 167, 321 P.2d 644, 646 (1958); *Denver & Rio Grande Western Railway Co. v. Indus. Comm'n,* 74 Utah 316, 279 P. 612 (1929).

In *Morris,* the Utah Supreme Court set aside an order of the Public Service Commission (PSC) cancelling a certificate of public convenience and necessity because interested parties were not given notice that the issue of cancellation would be considered. *Morris,* 321 P.2d at 646. In *Morris,* Neal Morris petitioned the PSC for a certificate of public convenience and necessity and for permission to assume Robert Watson's operating rights. The PSC's notice of the hearing stated that the Commission would address the application of Neal Morris for a certificate to assume the operating rights of Robert Watson. After a hearing, the PSC denied Mr. Morris' application and cancelled Mr. Watson's certificate. The Utah Supreme Court held that because notice was not given to affected parties on the issue of cancelling Mr. Watson's certificate, the order of cancellation was improper and violated due process. *Id.* at 645–46.

The Utah Court of Appeals has also held that due process is required in proceedings conducted by the Commission. In *Traylor Brothers, Inc., v. Overton,* 736 P.2d at 1051, this Court held that "in proceedings before an administrative law judge designated by the Industrial Commission, a party is entitled to adequate notice of the issues he will be called upon to meet." In so holding, this Court also stated, "[i]n order to afford parties due process, the hearing must be prefaced by timely notice which adequately informs the parties of the specific issues they must be prepared to meet." *Id.* at 1050.

In this case, Kennecott received notice that the Commission would consider Mr. Davis' claim for compensation for the 1984 injury only. At the hearing, the adminis-

---

**4.** Section 35–1–82.51 will be repealed effective January 1, 1988.

trative law judge questioned Mr. Davis regarding the 1969 and the 1976 injuries. Kennecott was not given notice that it would need to present evidence or raise defenses relating to the 1969 or 1976 injuries. Despite the lack of notice, the Commission found Kennecott liable for the percentage of Mr. Davis' injuries relating to all three injuries. Lack of notice that the Commission would rule upon the 1969 and the 1976 injuries improperly denied Kennecott due process of law.

This case is remanded to the Commission for further proceedings consistent with this opinion.

BILLINGS and ORME, JJ., concur.