**BROWN & ROOT INDUSTRIAL SERVICE and Highland Insurance, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF UTAH, and David Wardrop, Respondents.**

**No. 940652–CA.**

Court of Appeals of Utah.

Oct. 19, 1995.

---

Stuart L. Poelman, Julianne P. Blanch, Snow, Christensen & Martineau, Salt Lake City, for Petitioner.

G. Scott Jensen, Farr, Kaufman, Sullivan, Gorman, Jensen, Medsker & Perkins, Ogden, for Respondent David Wardrop. ·

Before ORME, P.J., and BENCH and BILLINGS, JJ.

## OPINION

BENCH, Judge:

Brown & Root Industrial Service (Brown & Root) and its insurer appeal the Industrial Commission's award of medical expenses and temporary disability compensation to David Wardrop. We reverse.

## BACKGROUND

Wardrop was injured at a work site in April 1987 while employed by Brown & Root. Wardrop visited several physicians, underwent surgery, and received treatments for which Brown & Root paid the medical bills. Wardrop's employment with Brown & Root ended later in 1987. Wardrop submitted his last medical bill related to this accident in 1988.

In 1992, Wardrop reinjured his knee in a nonindustrial slip-and-fall accident. Wardrop sought coverage from Brown & Root for surgery and rehabilitation, claiming that his 1992 injury was causally related to his 1987 industrial accident. Brown & Root refused to cover Wardrop's injury and, in May 1993, Wardrop filed a claim with the Industrial Commission.

The Administrative Law Judge (ALJ) found that because section 35–1–99 of the Utah Code was amended after Wardrop's initial industrial injury, it could not be applied to bar Wardrop's claim. The ALJ determined that Wardrop's 1992 injury was a "natural consequence" of the 1987 industrial injury, and ordered Brown & Root to pay workers' compensation benefits for the 1992 injury. Brown & Root filed a motion for review with the Industrial Commission. The Industrial Commission denied Brown & Root's motion for review, and affirmed the ALJ's Findings of Fact and Conclusions of Law.

## ANALYSIS

■ Brown & Root claims that the Industrial Commission erred by determining that the applicable statute in this case was the 1986 version of section 35–1–99, which was in effect at the time Wardrop was initially injured.[1] Whether to give retroactive effect to an amended statute of limitations is a question of general law when "the [commission's] experience or expertise is not helpful in resolving the issue." *Morton Int'l Inc. v. State Tax Comm'n*, 814 P.2d 581, 585 (Utah 1991). We therefore review the Industrial Commission's determination under a correction of error standard. *See Zissi v. State Tax Comm'n*, 842 P.2d 848 n. 2 (Utah 1992) (stating when "there is no explicit delegation of discretion, and the issues are questions ... on which the Commission's experience and expertise will be of no real assistance" then no deference given to commission).

■ The 1986 statute provided, in pertinent part, that "[i]f no claim for compensation is filed with the Industrial Commission within three years after the date of the accident or the date of the last payment of compensation, the right to compensation is wholly barred." Utah Code Ann. § 35–1–99 (Supp.1986). At that time, the statutory term "compensation" did not include medical expenses. *See Kennecott Copper Corp. v.*

*Industrial Comm'n*, 597 P.2d 875, 877–78 (Utah 1979). Therefore, "the three year statute of limitations set forth in section 35–1–99 did not bar the recovery of medical expenses." *Kennecott Corp. v. Industrial Comm'n*, 740 P.2d 305, 310 (Utah App.1987). Thus, according to the Industrial Commission's conclusion, since medical expenses were not considered compensation under the 1986 statute in effect at the time of Wardrop's initial claim, it followed that the statute did not limit his claim against Brown & Root for medical expenses under his 1993 claim. Consequently, the Industrial Commission held that Brown & Root was liable for medical expenses incurred by Wardrop after his nonindustrial injury.

In 1988, the legislature amended section 35–1–99 and expressly expanded the statute to encompass medical expenses. Utah Code Ann. § 35–1–99(2) (1988) stated in part, that "[i]n nonpermanent total disability cases, an employee's medical benefit entitlement ... ceases if the employee does not incur, and submit to his employer or insurance carrier for payment, for a period of three consecutive years, medical expenses reasonably related to the industrial accident."[2] Brown & Root argues that the 1988 amendment should be applied retroactively to bar Wardrop's application for benefits. The Industrial Commission held that the 1988 amendment could not apply to Wardrop's claim, concluding that "it is well settled that the law in effect at the time of the accident governs the substantive rights of the parties."

■ Generally, an amendment to a statute will not be given retroactive effect. However, statutes that affect procedural rights rather than substantive rights are generally applied retroactively. *State v. Smith*, 812 P.2d 470, 475 (Utah App.1991), *cert. denied*, 836 P.2d 1383 (Utah 1992). Section 35–1–99(2) has been held to be a statute of limitations. *See Avis v. Board of Review*, 837 P.2d 584, 587 (Utah App.1992), *cert. denied*, 853 P.2d 897 (Utah 1993). Statutes of

---

1. Brown & Root also claims that the Industrial Commission erred in not convening a medical panel to review the physicians' conflicting medical opinions. In light of the disposition of this case, we need not reach this issue.

2. Section 35–1–99 was repealed entirely in 1990 and its relevant provisions were incorporated into Utah Code Ann. § 35–1–98(1) (1994).

limitation are generally considered to affect only procedural rights. *Financial Bancorp, Inc. v. Pingree & Dahle, Inc.,* 880 P.2d 14, 16 (Utah App.1994). Accordingly, the 1988 amendment bars Wardrop's claim against Brown & Root for medical expenses.

Similarly, the statute of limitations in section 35–1–98(2) bars Wardrop from claiming total temporary disability benefits. It requires a claimant to file an application for a hearing "with the commission within six years after the date of the [industrial] accident." Utah Code Ann. § 35–1–98(2) (1994). Wardrop's industrial accident occurred in April, 1987, and he filed his claim in May 1993, over six years after the accident. Thus, his claim for temporary total disability benefits was untimely filed.

We therefore reverse the award of benefits.

BILLINGS, J., concurs.

ORME, P.J., dissents.